Where a gran-
tor, in his
deed, reserv-
ed to himself,
his heirs and
assigns, for
ever, "the
right and pri-
vilege of erec-
ting a mill-
dam at a cer-
tain place de-
scribed, and to
occupy & pos-
sess the said
premises with-
out any hin-
drance or mo-
lestation from
the grantee,
or his heirs,"
&c it was
held that the
right reserv-
ed was such
an interest in
the land, as
that an action
of ejectment
would lie for it.
Wherever
a right of en-
try exists, and
the interest is
tangible, so
that posses-
sion of it can
be delivered,
an ejectment
will lie for it.

JACKSON, *ex dem.* LOUX AND OTHERS, *against* BUEL.

THIS was an action of ejectment, to recover the possession of part of lot No. 94. in the township of *Ulysses.* The cause was tried at the *Seneca* circuit, in *June,* 1812, before Mr. Justice *Spencer.*

The plaintiff produced in evidence a patent to *Hendrick Loux,* one of the lessors, dated the 8th of *July,* 1790, for the whole of lot No. 94. also a deed for the same lot from *Jeremiah Van Rensse-laer,* to whom it had been awarded, to *Robert M'Dowel,* dated the 24th of *April,* 1792. *M'Dowel* was dead, and the other les-sors were his heirs at law.

The defendant gave in evidence a deed, dated the 30th *April,* 1797, from *M'Dowel* to *John Smith,* for 10 acres, part of the lot No. 94. containing a reservation in the words following, to wit, " Excepting and reserving to the said *Robert M'Dowel,* his heirs and assigns, for ever, the right and privilege, without any fee or reward, of erecting and building a dam on the back of the creek, near or at the place where the east line of the above granted pre-mises crosses said creek, along the west bank of said creek, about 20 rods, or near where the mill-seat is, to occupy and possess the aforesaid premises, without any let, hindrance or molestation from the said party of the second part, his heirs or assigns, agreeably to the express condition contained in the foregoing clause and reser-vation." The deed of *John Smith* to the defendant, for the said 10 acres of land was also read in evidence. It was proved that the defendant was in possession of the whole 10 acres, and that the defendant's mill-dam extended 24 links on the land of the lessors of the plaintiff. In 1811, *Pelton,* one of the lessors, requested the defendant to let him enter on the premises, and build a dam on the creek, according to the reservation in *M'Dowel's* deed to *Smith,* which was refused by the defendant. A verdict was taken for the plaintiff, subject to the opinion of the court. And the ques-tion was, whether, under the judgment, possession could be taken of the premises reserved in the deed from *M'Dowel* to *Smith,* or only of the premises in the possession of the defendant, and not in-cluded in the 10 acres.

*Foot,* for the plaintiff, contended, that the privilege reserved was like a right of way, for which an ejectment will lie. He cited

*Runn. Eject.* 131, 132.    1 *Term Rep.* 361.    2 *Term Rep.* 452.    NEW-YORK,
3 *Term Rep.* 772.    4 *Term Rep.* 671.    6 *Term Rep.* 359.            Oct. 1812.

JACKSON
v.
BUFF

*Rodman,* contra, insisted, that the right reserved was not such
that the sheriff could, in case of a recovery, give possession of it.
It was a mere license to use land, for which an ejectment will not
lie.    2 *East,* 190.    *Chitt. Plead.* 175. 188.

*Per Curiam.*    The lessor of the plaintiff is entitled to recover
for the possession of the defendant, extending beyond the ten
acres.    This is admitted by the case; but the great point is,
whether the right reserved in the deed of *erecting or building a
dam on the bank of the creek at the place specified,* be such an
interest as that an ejectment will lie for it.    The exception fur-
ther states that the grantor, &c. is to *occupy and possess the afore-
said premises without any let, &c.*    It is evident that an interest
in the soil was reserved at the given place, not only for erecting
the dam, but for occupying and possessing it.    There can be no
doubt but that this interest would be considered a *tenement,* within
the decisions under the *English* settlement law; for it has been
held that a right of pasturage, of a dairy, of a rabbit warren,
and of a fishery, carried such an interest in the land as to create
a tenement.    (1 *Term Rep.* 358.    2 *Term Rep.* 451.    3 *Term
Rep.* 772.    4 *Term Rep.* 671.)    In one of the cases, *Ashhurst, J.*
said that a fishery was a tenement, and recoverable in ejectment;
and in another of them, Lord *Kenyon* held that a *præcipe* would lie
for a free warren, though the party has no further interest in the
land than to enter and use the animals; and if a *præcipe* will lie, *à
fortiori* an ejectment, which requires much less certainty, will
lie.    In *Mellington* v. *Goodlittle,* (*And.* 106.) it was decided in
error, that an ejectment would lie for a beast or cattle-gate which
was a right of common for a beast; and in that case the court ad-
mitted that an ejectment would lie for a common appurtenant.
Whenever a right of entry exists, and the interest is tangible, so
that possession can be delivered, an ejectment will lie; and such
an interest was reserved by the deed in question.

The lessor of the plaintiff is, accordingly, entitled to recover, as
well the premises reserved, as the other land encroached upon by
the defendant.