Parker C. J.
delivered the opinion of the Court. In the , strict legal sense of the word appurtenances, a fee in land wii! not pass, for land cannot be appurtenant to land.[1] A right of way or other easement would pass in a deed, as well as in a will. In the construction of wills, however, a greater latitude has been given to the word appurtenances, according to the supposed intention of the testator in using that word. But this intention is gathered either from other parts of the will, from which it may be inferred that the word appurtenances was not used in a technical sense, or from extrinsic evidence show7ing the use aud occupation of the land or tenement not particularly devised, as a part of or connected with the principal subject of the devise. Thus, in some of the cases cited, we find that a devise of a house or messuage with the appurtenances, has been held to carry a garden, stable, orchard, and even a large parcel of plough land ; but this is upon evidence that these several subjects were used by the testator, in his lifetime, as part of the establishment of the house or messuage devised. As in the case of Jackson v. White, 8 Johns. R. 47. So in the case of Doe v. Collins, 2 T. R. 498, a coal-pen, separate from the house and at some distance from it, was held to pass under a devise of the house, because it appeared in evidence tnat it was used partly as an accommodation to the house to *301 keep coal in ; although the principal use of it was to contain coal for the testator’s business carried on at a distance from his house. There are many cases of this kind, some of which were cited in the argument.
On the other hand, there are cases deciding that buildings, cellars, shops, &c. though within what may be called the curtilage of a dwellinghouse, do not pass under the general word appurtenances. Such is that of Doe v. Burt, 1 T. R. 704, which, though a case of a demise and not of a will, was decided by the same rule of construction, viz. the intent of the testator. And that intent is proved by the fact of occupation or non-occupation, as parcel of the principal thing devised ; 2 Wms’s Saund. 400, note 2 ; and the annotator concludes his summary of authorities, by saying, that unless it clearly appears that the testator meant to extend the word “ appurtenances ” beyond its techical sense, lands usually occupied with a house will not pass under a devise of a messuage with the appurtenances.
Now it does clearly appear, that the testator intended that the out-houses, stable, &c. should pass under the general term appurtenances ; that is, we have a right to infer such intent from the use made of them by the testator himself, as parcel of his mansion house. But with respect to the land to the southward of the stable, covered by a tenement, which has been in the occupation of tenants ever since it was erected, no such intention can be found in the will. Then we must look into the evidence in regard to the occupation ; and that is all on one side and wholly uncontradicted. It is, that from the time of the first occupation of the mansion house to the death of the testator, this has been used as a separate and distinct estate, being let to tenants who had no connexion with the testator’s family, and no privilege in any part of the curtilage of the mansion house. Had it been occupied for the whole or even part of the time by the testator’s servants, taking their wages in the rent, or without paying any rent, the case would be different ; but treating it as the testator did in his lifetime for more than thirty years, we can see no more reason for supposing that this land and tenement passed by the specific devise of the house and appurtenances, than that the adjoining *302 house on State street should so. pass ; the difference being only 9*e s^ze and value of the buildings.
We think therefore, that the demandants cannot recover the land described in the writ, it being, as we suppose, without the exterior lines of the stable.
But in regard to the barn chamber, we think differently, because the testator undoubtedly meant that the stable should pass, and we cannot suppose that he intended to separate the two parcels, devising the land with the lower story of the stable, and leaving the chamber, with nothing for it to stand upon, to his.residuary devisee. We know that ejectment will lie foi a room or a chamber without any land, but we are ascertaining the intent of a testator, and we must suppose that intent to have been reasonable. Now this barn was built for the accommoda tion of the owner of the house. It was used by him as parcel of his messuage or dwellinghouse. It is true he had long ago converted the barn chamber into a room for the enlargement of the small tenement, but we may well suppose that that was intended to be a temporary use of it. The mere occupation byr a tenant does not of itself take it out of the devise. If it did, then if a man should devise a house, one room of which was occupied by a tenant for an office or a shop, it must be held that such room would not pass ; which we think cannot be maintained. It is the intention which is to determine. The occupation of a separate tenement by a tenant, might well show that a testator, in devising his house, did not intend that that tenement should pass under the word appurtenances; but a room, actually parcel of the house, could not be intended to be reserved, though always occupied by tenants.
We think therefore the tenant must be defaulted, and that judgment must be rendered for the plaintiffs to recover two thirds of the chamber over the first story of the stable.

 See United States v. Harris, 1 Sumner, 37; 4 Kent’s Comm. (3d ed.) 467 Bacon v. Bowdoin 22 Pick. 401.