FRISBIE *et al.* APPELLANTS, *v.* McCLERNIN *et als.* RESPONDENTS.

GRANT—CONSTRUCTION OF INTEREST IN LAND.—A legislative grant, authorizing the grantee to build and erect a wharf, and conveying the right "to the use and occupancy of the adjoining land," with a proviso that "it shall be used for none other than wharf purposes" for a specified time, confers such an interest in the land as entitles the grantee to recover the possession of a party who intrudes upon and deprives him of the possession.

APPEAL from the District Court of the Seventh District, Solano County.

The case is stated in the opinion.

*William S. Wells,* for Appellants.

No brief on file for Respondents.

The appellants contended that the ruling of the Court below amounts substantially, to the denial that ejectment will be in the case at bar.

The right to build a wharf is granted, but the land is specifically defined and granted also. So far as the Act goes, then, there is a specific grant by metes and bounds; an easement, and something more.

If the wharf and land both belonged to the State, ejectment would lie. (*People* v. *Davidson,* 30 Cal. 318.) Here, by the Act, both wharf and land are granted; both estates are united, and the same rule must follow.

The case is not, as the other party would seek to make it to maintain their position, an invasion of the wharf. It is building upon the land on the side of the wharf—and actual and direct ouster of a specific part of the specific land granted, which deprives us of the right to use that portion of the wharf on which it abuts, and deprives us and all the world beside of the right to use the land on the side of the wharf.

If the wharf had been occupied by defendants, that being shown by the evidence to be a prolongation of a street, there might have been some ground for invoking the authority of *Wood* v. *Truckee Turnpike Company,* (24 Cal. 474.)

The general rule is that an easement cannot be recovered in ejectment, because you cannot deliver possession; because it lieth in grant, not livery; because the party cannot be

ousted. The case in the 24th Cal. Rep. was a road, not a right of way.

Now, you may recover in ejectment a pew in a church, a mine, a fishery, a mining claim, herbage or grass. (*B. Church* v. *Wetherell*, 3 Paige, 296; *Ithaca Church* v. *Bigelow*, 16 Wend. 32; *Penn. Mining Co.* v. *Owens*, 15 Cal. 136; *Lowe* v. *Alexander*, 15 Cal. 302; Adams on Ejectment, 24.)

You can recover the land on which the abutments of a bridge rest. (*Sparks* v. *Hess*, 15 Cal. 186.)

A grant or deed of a right of way *per se*, conveys no interest in the land; but here is not only a grant of a right to build a wharf, but a grant of the land also. So the reason ceases. This is so much more than an easement that the rule fails in its application.

*Brown* v. *Kelsey* (18 Barb. 484), states the test for ejectment to be:

A right of entry must exist. Interest must be of such a character that it can be held and enjoyed, and possession delivered on execution of a judgment for its recovery.

In the case of *Champlain and Lawrence Railroad Co.* v. *Valentine* (19 Barb. 486), the Commissioners of the Land Office had granted lands under water for docks and commercial purposes, authorizing the building of a wharf, a pier, docks, etc., and in express terms appropriating the land to the purpose of commerce, and reserving to the people the free right of using the same. It was held that in this case, ejectment would lie upon the principles above set forth.

*Child* v. *Chapell* (5 Selden, 246), was a mere claim of right to use the wharf, similar, therefore, to a mere right of way. The Court of Appeals in this case, distinguish between the mere enjoyment of a right and an actual invasion of the possession and occupation of the premises, or some portion thereof, that constitutes an ouster. So *People* v. *Davidson*, before cited, is to the same effect.

SAWYER, C. J., delivered the opinion of the Court:

This is an action to recover a strip of land (covered with water), one hundred feet long by some ten feet in width, in the City of Vallejo.

In 1855, the Legislature of California, by an Act, approved on the 21st of February, granted, for the term of twenty years, to David N. Darlington, his associates and their assigns, "the right to build and erect a wharf from the high land at the foot of Georgia street, Vallejo, out to ten feet water at low tide in Napa straits, *with the use and occupancy of a strip of overflowed land,* one hundred feet wide, from the high land to the end of the wharf. * * * The land is hereby granted, provided that it shall be used for none other than wharf purposes during that time." (Statutes 1855, p. 15.) At the trial, the Court found that the said grantees had constructed the wharf and performed all the conditions of the Act; that all the right, title and interest of the said grantees had by regular conveyances vested in the plaintiffs; that on the 10th of October, 1866, said plaintiffs were the owners of the land and easements specified in said Act, and were in possession thereof; that defendants, on said day, entered into a designated part of said premises; that they have ever since retained the possession thereof, claiming the same adversely to the plaintiffs, and that they still deprive the plaintiffs of the use of said premises. Judgment for possession and damages was rendered for plaintiffs.

Defendants moved for a new trial on various grounds, and a new trial was granted by the Court, on the ground "that error of law occurred at the trial." The specific error of law mentioned by the Courts is, that "the Court erred in not granting defendants' motion for a judgment of *nonsuit,* made on the ground that plaintiffs' evidence was not sufficient *to maintain the action of ejectment for the property described* in the complaint." The Court has not specified more particularly the respect in which the evidence was deemed insufficient, and the respondents, to whom we should naturally look for a specification of the precise ground relied on in his motion

for new trial, has not seen fit to file any brief or points. The Court, however, treats the ground as one of law, rather than of fact, and it seems quite apparent that it acted upon the idea that the plaintiffs were possessed of a bare easement, and that an easement of the kind in question is not a proper subject of recovery in this kind of action. This seems to be the ground indistinctly shadowed forth in the grounds of the orders stated by the Court, and we are at a loss to find any other upon which the motion could have been granted. The appellants argue the case on this hypothesis.

The question then is, is the estate acquired under the Act in question such an interest in the land as entitles the grantees to recover the possession of a party who intrudes and deprives them of the possession? Upon this question we have no doubt. There is something more than a mere easement. The right to build a wharf and take tolls is an easement. But as incident to this right, the Act, in express terms, grants "the *use and occupancy* of a strip of overflowed land one hundred feet wide." "The *land is hereby granted*, provided that it shall be used for none other than wharf purposes during that time"—twenty years. The grantees had an estate in the land, which authorized them to take possession, occupy and control it for the purposes of the grant. They had a right to the possession of the land in order to apply it to the purposes indicated. There was something of which they could be dispossessed, and they were ousted from the possession and occupation. There is something tangible, the possession of which might be restored by the Sheriff. There was something more than a mere right of way—a right to go to and fro over the land of another. In the latter case there is nothing tangible of which possession could be given, and it was for this reason that, at common law, it was not the proper subject of an action of ejectment. But the right to pass to and fro over land, as occasion requires, is a very different thing from a right to possess, occupy and control lands. Justice Hand states the rule correctly in *Champlain and St. Lawrence Railroad Company v. Valentine* (19 Barb. 487.) He says : "I think the interest conveyed by these grants from the State, of land under

water, is such that an action may be brought by the grantee to recover the possession. Ejectment could have been maintained, under our former system, where a right of entry existed and the interest was tangible, so that possession could be given. (See *Jackson* v. *Buel,* 9 John. 298; *Jackson* v. *May,* 16 *Id.* 184; Co. Lit. 5; *Peoples* v. *Mauran,* 5 Denio, 389; Adams on Eject. 18; 2 Bac. Ab. 4–17; 1 M. & W. 210; 15 Barb. 357–8.) This is a grant of land under water for certain specific uses and purposes, *which require actual occupation.* The people may enter and use it as before, until so appropriated, but the plaintiff can never so use and apply it, or enjoy the right, so long as the land is wholly possessed by another and for another purpose."

So, in the case in hand, the purposes for which the grant is made require an entry and occupation, and the plaintffs cannot apply the land to the purposes indicated, while another party withholds the possession and applies the land to other uses. And the statute, as before stated, expressly authorizes the plaintiffs to enter and occupy the lands.

We think the District Court mistaken in the view adopted in granting a new trial, and that there was no error of law committed in refusing a nonsuit on the facts shown. We see no other ground upon which defendants are entitled to a new trial.

Order granting a new trial reversed, and new trial denied.