LODEMIA A. SMITH, Appellant, *v.* ROBERT REVELS, Respondent.

*Building in process of erection by a contractor — right of the owner to enter it — action of ejectment — to what cases applicable.*

Where the owner of premises is having a house erected thereupon by a contractor, she has the right to enter upon the premises for the purpose of seeing what progress is being made in the work, and the manner in which it is being performed, and she has the right to such possession of the property as is consistent with the control thereof which the contractor requires for the work of construction.

The purpose of an action of ejectment is to enforce a right of entry by a person who, having the right of possession, is excluded from it by another. The remedy may be made use of when the property is such that a judgment can be executed by the delivery to the party entitled thereto, and the retention by him, of the possession thereof.

APPEAL by the plaintiff, Lodemia A. Smith, from an order of the Supreme Court, made at the Cattaraugus Circuit and entered in the office of the clerk of the county of Cattaraugus on the 24th day of May, 1893, denying the plaintiff's motion for a new trial made upon the minutes, and for an order setting aside the direction of a nonsuit by the court.

*J. R. Jewell,* for the appellant.

*Henry Donnelly,* for the respondent.

BRADLEY, J.:

The action is ejectment brought to recover possession of a dwelling house and the land upon which it rests in the village of Olean, N. Y. The plaintiff, being the owner of the land, entered into a contract with the defendant September 1, 1892, whereby he under-

took to furnish materials and build thereon and complete for her on or before December 1, 1892, a dwelling house for the sum of $1,470, payable as follows : $300 when the foundation was built, $300 when the frame was erected, $200 when the plaster was on and dry, $200 when the woodwork was finished, and the residue when the building should be finished and delivered to her free from incumbrance.

The defendant proceeded with the work and some payments were made to him.

The evidence tended to prove that in March, 1893, the defendant called upon the plaintiff for a payment upon the contract and stated to her that the house was finished inside ; that the plaintiff expressed a desire to go into the building and see the work and how it was done, before paying him, and for that purpose to take some person in with her to examine it; that while the defendant consented that she could go in with him he refused to permit her to take any one into the house with her, and that afterwards, before the commencement of this action, the plaintiff caused demand to be made of the defendant of the possession of the building and of the keys, to enable her to go into it. This was refused.

The evidence warranted the conclusion that the plaintiff was wrongfully excluded from the building. The premises were hers, the house was being erected by the defendant for her under the contract, and no reason appears for denial to her of the right to enter it for the purpose of seeing what progress had been made in the work and the manner in which it was performed. The plaintiff did not seek to rescind the contract. She had the right to the possession of the property consistently with the control which the defendant had of the work of construction.

It was but reasonable that the plaintiff should, at her pleasure, with proper assistance, inspect the work as it progressed. This she sought to do, and her right to do so was denied, and she was excluded by the defendant.

The purpose of an action of ejectment is to enforce a right of entry, when it exists in real property, by a person who, having the right of possession, is excluded from it by another. And in such case the remedy may be made available when the property is such that judgment can be executed by the delivery of the possession, and it can be held by the party having such right. (*Jackson* v. *Buel*, 9

Johns. 298; *Rowan* v. *Kelsey*, 18 Barb. 484; 2 Keyes, 594; 4 Abb. Ct. App. Dec. 125.)

It may be assumed that it was in the power of the plaintiff to rescind the contract and take such consequences as should follow, as for breach of it. (*Lord* v. *Thomas*, 64 N. Y. 107.)

But she expressed no desire to do that. She asserted the right to the possession, and sought to exercise it in a manner consistently with the continued performance by the defendant of his contract. The suggestion by the defendant's counsel, that the plaintiff had the possession and the defendant a mere license for the purposes for which the contract was made, does not necessarily aid him if he in fact excluded the plaintiff from the building. He then assumed a relation not consistent with a mere license.

In *Child* v. *Chappell* (9 N. Y. 246) the subject of the action was an easement. The defendant there did not exclude the plaintiff, but exercised a right he had of using the wharf in question for certain purposes.

No evidence was introduced on the part of the defense. The facts which the evidence on the part of the plaintiff tended to prove were sufficient to support a recovery by her. The exception to the nonsuit was, therefore, well taken.

The order appealed from should be reversed and a new trial granted, costs to abide the event.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order appealed from reversed and a new trial granted, costs to abide the event.