(20 App. Div. 527.)

PLUMMER v. GLOVERSVILLE ELECTRIC CO.

(Supreme Court, Appellate Division, Third Department.   September 28, 1897.)

1. ELECTRIC WIRES—ACTION FOR REMOVAL—PLEADING—EJECTMENT.
    A complaint alleged that defendant electric company unlawfully entered
on described premises of plaintiff, then in her possession, and was still in
possession thereof, unlawfully withholding them.   Also, that when such en-
try was made, defendant's servants stretched wires across the entire prem-
ises, and that such possession was so taken and still held for the purpose
of transmitting electricity for defendant's own use, in violation of plain-
tiff's rights, and without making, or offering to make, any compensation.
The prayer was that defendant remove such wires, and surrender posses-
sion of the premises, and pay damages for withholding them.   Held, that it
was error to construe the complaint as one in ejectment simply.

2. PLEADING AND PROOF—WAIVER OF VARIANCE—JUDGMENT.
    Where no objection was made to the admission of evidence that was in-
admissible under the complaint, the court properly rendered judgment for
the relief such evidence warranted.

Appeal from special term, Fulton county.

Action by Jessie D. Plummer against the Gloversville Electric
Company.   From a judgment dismissing the complaint, plaintiff ap-
peals.   Reversed.

The following is the complaint, omitting the caption and signa-
ture:

The plaintiff complains of the defendant above named, and alleges and
shows to the court: (1) That she is the owner in fee simple of a certain piece
or parcel of land, together with the dwelling house and buildings thereon
erected, situate in the city of Gloversville, county of Fulton, and state of New
York, lying and being on the east side of Park street, in the said city of Glo-
versville, and known as "27 Park Street," and bounded and described as fol-
lows: "Beginning at the southwest corner of lands now or formerly owned
by James Johnson, and running thence south, 87 degrees 20 minutes east, one
hundred and thirty-nine and one-half feet (139½); thence south, 1 degree 45
minutes east, sixty feet; thence north, 87 degrees 20 minutes west, one hun-
dred and thirty-nine and one-half feet; and thence south, 1 degree west, sixty
feet, to the place of beginning,"—being the same premises conveyed to the
plaintiff herein by Daniel E. Sutliff and wife by warranty deed dated April

1, 1890, and recorded in Fulton county clerk's office on the 7th day of April, 1890, in Liber 76 of Deeds, at page 444. (2) That ever since the 1st day of April, 1890, she has been in possession of said premises, and is now entitled to the immediate possession thereof, as such owner thereof. (3) That the plaintiff is informed and believes that the defendant is a domestic corporation, created by and existing under the laws of the state of New York. (4) That, the plaintiff being in the possession of said premises, the defendant, by its agents and servants, did, on or about the 16th day of May, 1896, unlawfully enter upon said premises, so described, and destroy, break, and tear down shrubbery, plants, and vines, and stretch wires over said premises, and over and across the entire premises, from the western side to the eastern side thereof, and the defendant is now in possession of the same and the actual occupancy thereof. (5) That the defendant is in possession of and occupies said premises for the purposes of transmitting electricity across said premises, and keeping and maintaining electric lights for its own uses and purposes, in violation of the rights of the plaintiff, without paying, or offering to pay, the plaintiff any compensation therefor, and without any right or title thereto, and now unlawfully withholds possession thereof from the plaintiff, to her damage of five hundred dollars. Wherefore the plaintiff prays for judgment against the defendant, that it remove said wires from said premises. and surrender to the plaintiff possession thereof, and pay her five hundred dollars for withholding the same, besides the costs of this action, and such other relief as may be just.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Clark L. Jordan, for appellant.
Edgar A. Spencer, for respondent.

PARKER, P. J. The complaint in this action was dismissed upon the trial, on the ground that it states a cause of action for ejectment only, and that, upon the facts proven, an action of ejectment could not be maintained against the defendant.

Without discussing the question whether or not such an action would lie, we are of the opinion that the trial court imposed too strict a construction upon the complaint. It is true that such complaint states all the facts which would be necessary to establish a cause of action in ejectment against defendant. It avers that the defendant unlawfully entered upon the premises described in the complaint. they then being the property of. and in the possession of. the plaintiff, and that it is still in possession thereof, and unlawfully withholds them from the plaintiff; but, in connection with these averments, it alleges several other facts that are not at all applicable to an action in ejectment. Thus, it states that, when such entry was made, the servants and agents so making it stretched wires across and over the entire premises, and that such possession was so taken, and is still held, for the purpose of transmitting electricity across the premises upon such wires, and for the purpose of maintaining electric lights for its own use, in violation of the plaintiff's rights, and without paying, or offering to pay, any compensation. therefor, and without any right or title so to do. These additional statements characterize the possession which the plaintiff claims the defendant has; and the prayer for judgment, that the defendant remove such wires from said premises, indicates what the possession was that the plaintiff wished surrendered to her. These additional facts show that defendant has, without lawful authority, and in vio-

lation of the plaintiff's rights, entered upon her premises, stretched
its wires across the same, and is still, in contempt of her objection,
using and maintaining them there.    Here is a cause of action set up
which the facts proven sustained.    We do not think that they
should have been treated as surplusage merely, although averred in
connection with the further statement that the possession of the
premises described was unlawfully detained from her.    We think
the facts proven were admissible under the complaint, as it should
fairly be construed, and that, being proven to the court, they estab-
lished her right to a portion, at least, of the relief which she asked,
—to wit, the judgment of the court that defendant remove the wires
which it was maintaining there.    Such a judgment could easily be
enforced, under the provisions of section 1241 of the Code of Civil
Procedure.    Moreover, all these facts were proven without any ob-
jection on defendant's part that they were not within the issues ten-
dered by the complaint, and, being so before the court, it should have
rendered judgment for the relief which such facts warranted.

For these reasons, the judgment must be reversed, and a new
trial granted; costs to abide the event.    All concur.