ERNEST P. BUTLER, Respondent, *v.* THE FRONTIER TELEPHONE
COMPANY, Appellant.

EJECTMENT — OCCUPATION BY TELEPHONE WIRE OF SPACE ABOVE
LAND.   An action of ejectment will lie where the soil is not touched, but
part of the space a few feet above the soil is occupied by a telephone
wire unlawfully strung by the defendant above the plaintiff's premises;
the disseizin of the owner is measured by the extent of the space occu-
pied and the sheriff can physically remove the wire and thereby restore
the plaintiff to possession.

*Butler* v. *Frontier Telephone Co.*, 109 App. Div. 217, affirmed.

(Argued November 28, 1906; decided December 21, 1906.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
December 6, 1905, affirming a judgment in favor of plaintiff

entered upon a decision of the court at a Trial Term without a jury.

This is an action of ejectment, which was tried by consent before the court without a jury. The trial judge found as facts that " the defendant on or about January 1, 1903, without the consent of the plaintiff and without lawful authority, entered upon " his premises in the city of Buffalo " and stretched a wire over and across the same in the manner described in the complaint and maintained said wire upon said premises until January 10, 1903, when the defendant removed the said wire entirely from plaintiff's said premises."

According to the allegations of the complaint the wire was strung " about thirty feet from the surface of the ground on the easterly side and slanting to about twenty feet on the westerly side," reached " across the entire width of said premises."

The trial judge further found that " the plaintiff has been in possession of the premises described in the complaint at all times mentioned therein and since, except that portion thereof occupied by the defendant with said wire during the period specified." The damages sustained by the plaintiff were assessed at six cents for " the withholding by the defendant of that portion of the premises occupied by said wire for the period above specified." There was neither allegation nor evidence that the wire was supported by any structure standing upon the plaintiff's lot. The action was commenced on the 5th of January, 1903.

The court found as a conclusion of law that the plaintiff, as the owner in fee of the premises in question, " was entitled at the commencement of this action to have said wire removed from said premises, and is entitled to judgment against the defendant so declaring, and for six cents damages for withholding said property and for the costs of this action    *    *    *."

The judgment entered accordingly was affirmed on appeal to the Appellate Division by a divided vote, and the defendant now comes here.

*Lyman M. Bass* for appellant. The plaintiff is not enti-
tled to maintain an action for ejectment. (*Leprell* v. *Klein-
schmidt*, 112 N. Y. 364; *Vrooman* v. *Jackson*, 6 Hun, 326;
*Aiken* v. *Benedict*, 39 Barb. 400; *Jackson* v. *May*, 16 Johns.
184; *Child* v. *Chappell*, 9 N. Y. 246; *Mayor, etc.,* v. *N. S.
S. Ferry Co.,* 55 How. Pr. 154; *Sasserath* v. *Metzgar*, 30
Abb. [N. C.] 407; *Rowan* v. *Kelsey*, 18 Barb. 484; *Anony-
mous*, 3 Leon. 210; *D'Acre's Case*, 1 Lev. 58.) The plain-
tiff not only was not entitled to a judgment of ejectment but
failed to secure one. Therefore a judgment for costs upon
the theory that he obtained such a judgment is erroneous.
(Code Civ. Pro. § 3228, subd. 4; *Lynk* v. *Weaver*, 128 N. Y.
171; *Dunster* v. *Kelly*, 110 N. Y. 558.)

*George C. Killman* for respondent. The rights of the
parties in this action are to be determined as of the time of
the commencement of the action. (*Wisner* v. *Ocumpaugh*,
71 N. Y. 113; *Caswell* v. *Kemp*, 41 Hun, 434.) The plain
tiff is entitled to costs. (*Brooks* v. *Curtis*, 50 N. Y. 639;
*Dunster* v. *Kelly*, 110 N. Y. 558.) The plaintiff was entitled
to recover upon the facts stipulated and found. (*Plummer*
v. *G. E. Co.,* 20 App. Div. 527; *Brooks* v. *Curtis*, 50 N. Y.
639; *Lynk* v. *Weaver*, 128 N. Y. 171.) In an action to
recover real property, or an interest in real property, costs fol-
low as a matter of course regardless of whether a claim of
title arises upon the pleadings. (*Sherry* v. *Frecking*, 4 Duer,
456; *Aiken* v. *Benedict*, 39 Barb. 400; *Vrooman* v. *Jackson*,
6 Hun, 326; *Murphy* v. *Bolger*, 60 Vt. 723; *McCourt* v.
*Eckstein*, 22 Wis. 153; *Rowan* v. *Kelsey*, 18 Barb. 484.)

Vann, J. The question presented by this appeal is whether
ejectment will lie when the soil is not touched, but part of
the space a few feet above the soil is occupied by a telephone
wire unlawfully strung by the defendant across the plaintiff's
premises? This question has never been passed upon by the
Court of Appeals nor by the Supreme Court, except in the
decision now before us for review. Questions similar but not
identical, as they related to overhanging eaves, projecting

cornices or leaning walls, were decided in favor of the defend-
ant in *Aiken* v. *Benedict* (39 Barb. 400), and *Vrooman* v.
*Jackson* (6 Hun, 326), and in favor of the plaintiff in *Sherry*
v. *Freeking* (4 Duer, 452). In *Leprell* v. *Kleinschmidt* (112
N. Y. 364) the question as to the effect of projecting eaves
was alluded to but not decided, because there was in that case
"a physical entry by the defendant upon the land of the
plaintiffs and an unlawful detention of its possession from
them."

The precise question before us does not appear to have been
passed upon in any other state, and upon the cognate question
relating to projecting cornices and the like, the authorities are
divided.    Some hold that ejectment will lie because there is
an actual ouster or disseisin. (*Murphy* v. *Bolger*, 60 Vt. 723;
*McCourt* v. *Eckstein*, 22 Wis. 153; *Stedman* v. *Smith*, 92
Eng. C. L. 1.)    Others hold that there is not such a disturb-
ance of possession as to sustain an action in that form.
(*Norwalk H. & L. Co.* v. *Vernam*, 75 Conn. 662; *Rasch* v.
*Noth*, 99 Wis. 285.)    The case last cited does not overrule
the earlier case in Wisconsin, but proceeds upon the theory
that the aerial space was occupied by the projecting eaves of
both parties, one above the other, on opposite sides of the
boundary line.    Some of the cases hold that a court of equity
may order the removal of a projection without deciding
whether ejectment will lie or not.    Thus, in *Wilmarth* v.
*Woodcock* (58 Mich. 482, 485), it was decided that equity
would require the removal of a projecting cornice because
"no remedy at law is adequate, owing to the uncertainty of
the measure of damages, to afford complete compensation."
But, as the learned court continued : "No person can be per-
mitted to reach out and appropriate the property of another
and secure to himself the adverse enjoyment and use thereof,
which, in a few years, will ripen into an absolute ownership
by *adverse possession.*"    (See, also, *Plummer* v. *Gloversville
Electric Co.*, 20 App. Div. 527.)

While some of the cases may be harmonized by resort to
the distinction between "disseisins in spite of the owner, and

disseisins at his election," the main question is open, and must be determined upon principle.

The defendant concedes that the plaintiff has a remedy, but insists that it is an action for trespass, or to abate a nuisance, while the plaintiff claims that ejectment is a proper remedy and one of especial value as it entitles him, if he needs it, to a second trial as a matter of right and to costs, even if he recovers less than fifty dollars damages. (Code Civ. Pro. §§ 1525, 3228.)

An action of ejectment, according to the Code, is " an action to recover the immediate possession of real property." (Code Civ. Pro. § 3343, sub. 20.) While the statute to some extent regulates the procedure, it did not create the action and for the principles which govern it resort must be had to the common law. (Code Civ. Pro. §§ 1496 to 1532; Real Property Law, §§ 1, 218; 2 R. S. 303.)

Without entering into the somewhat involved and perplexing learning upon the subject, it is sufficient to say that, as all the authorities agree, the plaintiff must show that he was formerly in possession, that he was ousted or deprived of possession and that he has a right to re-enter and take possession. It is admitted by the pleadings that when the wire was put up the plaintiff was in possession of the entire premises and that he was entitled to the immediate possession thereof as owner when the action was commenced. The serious question is whether he was deprived of possession to the extent necessary to authorize ejectment. While ouster is essential to the maintenance of the action, it need not be entire or absolute. for it is sufficient if the defendant is in partial possession of the premises while the plaintiff is in possession of the remainder, (*Sullivan* v. *Legraves*, 2 Str. Cases, 695 ; *Doe* v. *Burt*, 1 T. R. 701; *Lady Dacre's Case*, 1 Lev. 58; *Rowan* v. *Kelsey*, 18 Barb. 484; *Otis* v. *Smith*, 26 Mass. 293 ; *Gilliam* v. *Bird*, 8 Iredell [Law], 280 ; *Reynolds* v. *Cook*, 83 Va. 817 ; *McDowell* v. *King*, 4 Dana [Ky.], 67 ; Adams on Ejectment, 27 ; Newell on Ejectment, 38 ; Warvelle on Ejectment, 22.) Mines, quarries, mineral oil and an upper room in a house are familiar

examples. Is the unauthorized stringing of a wire by one person over the land of another an ouster from possession to the extent that the wire occupies space above the surface as claimed by the plaintiff, or a mere trespass or interference with a right incidental to enjoyment as claimed by the defendant? Was the plaintiff in the undisturbed possession of his land when a portion of the space above it was occupied by the permanent structure of the defendant, however small? Was the space occupied by the wire part of the land in the eye of the law?

What is "real property?" What does the term include so far as the action of ejectment is concerned? The answer to these questions is found in the ancient principle of law: *Cujus est solum, ejus est usque ad coelum et ad inferos.* The surface of the ground is a guide, but not the full measure, for within reasonable limitations land includes not only the surface but also the space above and the part beneath. (Co. Litt. 4a; 2 Blackstone's Comm. 18; 3 Kent's Com. [14th ed.] *401.) "*Usque ad coelum*" is the upper boundary, and while this may not be taken too literally, there is no limitation within the bounds of any structure yet erected by man. So far as the case before us is concerned, the plaintiff as the owner of the soil owned upward to an indefinite extent. He owned the space occupied by the wire and had the right to the exclusive possession of that space which was not personal property, but a part of his land. According to fundamental principles and within the limitation mentioned space above land is real estate the same as the land itself. The law regards the empty space as if it were a solid, inseparable from the soil, and protects it from hostile occupation accordingly.

If the wire had touched the surface of the land in permanent and exclusive occupation, it is conceded that the plaintiff would have been dispossessed *pro tanto*. A part of his premises would not have been in his possession, but in the possession of another. The extent of the disseisin, however, does not control, for an owner is entitled to the absolute and undisturbed possession of every part of his premises, including

the space above, as much as a mine beneath.   If the wire had been a huge cable, several inches thick and but a foot above the ground, there would have been a difference in degree, but not in principle.   Expand the wire into a beam supported by posts standing upon abutting lots without touching the surface of plaintiff's land, and the difference would still be one of degree only.   Enlarge the beam into a bridge, and yet space only would be occupied.   Erect a house upon the bridge, and the air above the surface of the land would alone be disturbed. Where along the line of these illustrations would dispossession begin ?   What rule has the law to measure it by ?   How much of the space above the plaintiff's land must be subjected to the dominion of the defendant in order to effect a dispossession ?   To what extent may the owner be dispossessed and kept out of his own before there is a privation of seisin ? Unless the principle of *usque ad coelum* is abandoned any physical, exclusive and permanent occupation of space above land is an occupation of the land itself and a disseisin of the owner to that extent.

. The authorities, both ancient and modern, with some exceptions not now important, agree that the ability of the sheriff to deliver possession is a test of the right to maintain an action of ejectment.   (*Jackson* v. *Buel*, 9 Johns. 298; *Woodhull* v. *Rosenthal*, 61 N. Y. 382, 389; *Patch* v. *Keeler*, 27 Vt. 252, 255; Warvelle on Ejectment, 34; Crabb on Real Property, 710; Butler's Nisi Prius, 99.)   "The rule now is, that when the property is tangible and an entry can be made and possession be delivered to the sheriff, this action will lie." (*Nichols* v. *Lewis*, 15 Conn. 137.)   The defendant insists that the sheriff cannot give possession of space any more than he can deliver water in a running stream or " air whirled by the north wind."   When the space over land is unoccupied there is no occasion for delivery, because there is nothing to exclude the owner from possession.   The sheriff, however, can deliver occupied space by removing the occupying structure.   All that he does to deliver possession of the surface of land, or of a mine under the surface, is to remove either persons or

things which keep the owner out. He does not carry the plaintiff upon the land and thus put him in possession, but he simply removes obstructions which theretofore had prevented him from entering. So, in this case, that officer can deliver possession by removing the wire, the same as he would if one end happened to be embedded in the soil, when no question as to the right to bring ejectment could arise. Where there is a visible and tangible structure by which possession is withheld to the extent of the space occupied thereby ejectment will lie, because there is a disseisin measured by the size of the obstruction, and the sheriff can physically remove the structure and thereby restore the owner to possession.

The smallness of the wire in question does not affect the controlling principle, for it was large enough to prevent the plaintiff from building to a reasonable height upon his lot. The prompt removal of the wire after the suit was brought could not defeat the action because the rights of the parties to an action at law are governed by the facts as they existed when it was commenced. (*Wisner* v. *Ocumpaugh*, 71 N. Y. 113.)

The judgment should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, WILLARD BARTLETT and CHASE, JJ., concur; O'BRIEN and HAIGHT, JJ., absent.

Judgment affirmed.