(71 Misc. Rep. 152.)

In re SIMMONS et al., Board of Water Supply of City of New York.

(Supreme Court, Special Term, Westchester County. March 27, 1911.)

EMINENT DOMAIN (§ 265*)—PROCEEDINGS—AWARD OF COUNSEL FEES.

Laws 1905, c. 724, § 32, relating to condemnation proceedings by the board of water supply of the city of New York, provides for such counsel fees as may be allowed by the court, the allowance in no case to exceed the limit prescribed by Code Civ. Proc. § 3253, which provides for 5 per cent. attorney's fee in actions for partition, and is limited by section 3254, providing that such allowances cannot exceed in the aggregate $2,000. *Held* that, by its position and limitation on section 3253, section 3254 must be taken as a limitation upon counsel fees allowed under Laws 1905, and hence counsel in such proceedings may not be awarded a fee of over $2,000.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

In the matter of the petition of J. Edward Simmons and others, constituting the Board of Water Supply of the City of New York, in a proceeding as to Hillview Reservoir, Section No. 2, eighth separate report. Certain counsel fees allowed.

Archibald R. Watson, Corp. Counsel.
Joseph A. Flannery, for claimants.

TOMPKINS, J. This motion involves, among other things, the question whether the court has power to award to the claimants more than $2,000 each, for counsel fees, where the awards exceed $40,000 each.

Section 32 of chapter 724 of the Laws of 1905, under which this proceeding was brought, provides as follows: .

"The fees of the commissioners and the salaries and compensation of their employés, and their necessary traveling expenses, and all other necessary expenses in and about the special proceedings provided by this act, to be had for acquiring title or extinguishing claims for damages to real estate, *and such allowances for counsel fees as may be made by order of the court* shall be paid by the comptroller of the city of New York, out of the funds hereinafter provided. Such fees and expenses shall not be paid until they have been taxed before a justice of the Supreme Court in the judicial district in which the lands or some part thereof are situated, upon eight days notice to the corporation counsel of the city of New York. *Such allowances shall in no case exceed the limit prescribed by section 3253 of the Code of Civil Procedure.*"

This is the only provision of the act relating to allowances for counsel fees. Section 3253 of the Code of Civil Procedure, referred to in that part of the act just quoted, so far as it has application to this

question, reads as follows, and did at the time of the enactment of chapter 724 of the Laws of 1905:

"Sec. 3253. * * * (2) In any action or special proceeding specified in this section, where a defense has been interposed, or in an action for the partition of real property, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject matter involved."

Section 3254 of the Code of Civil Procedure reads as follows:

"*Allowances under the Foregoing Sections Limited.*—But all the sums awarded to the plaintiff, as prescribed in section 3252 of this act, or to a party or two or more parties on the same side, as prescribed in the last sentence of section 3251 of this act, *and in subdivision second of the last section, cannot exceed in the aggregate two thousand dollars.*"

This court has been in the habit in these proceedings of awarding 5 per cent. upon the awards to cover counsel fees, and now for the first time in a proceeding under chapter 724 of the Laws of 1905 is the question presented as to whether the limitation of section 3254 of the Code of Civil Procedure applies.

In the case of parcel No. 117, 5 per cent. upon the award would be $2,054; and in the case of parcel No. 95, 5 per cent. upon the award would be $11,500. The right to any allowance for counsel fees depends upon the provisions of section 32 of chapter 724 of the Laws of 1905, and that section expressly provides that in no case shall any allowance for counsel fees exceed the limits prescribed by section 3253 of the Code of Civil Procedure, thereby making the provisions of that section of the Code applicable, and while section 3254 of the Code of Civil Procedure, which expressly limits all allowances under section 3253, is not mentioned in the water supply act, yet it seems to me that it must apply to the power of the court under that act, because by express terms it limits all allowances that may be made in any action or proceeding under section 3253; but counsel for the claimants insist that the court is neither required nor permitted to look beyond section 3253 to determine what shall be the maximum allowance, that the only limitation affecting section 32 of the water supply act is the 5 per cent. maximum, regardless of the amount of the recovery, and that section 3254 cannot be applied here, because the statute fixes the limit by reference to section 3253 alone. But it seems to me that these two sections (3253 and 3254) of the Code must be read together, and together be applied to the provisions of section 32 of chapter 724 of the Laws of 1905, respecting allowances for counsel fees.

Chapter 724 of the Laws of 1905 makes no provision for costs, and section 32, above quoted, makes provision for "allowances for counsel fees," without which there would be no authority in the court to make any allowance, or award costs, and by that section the court's power with respect to allowances is limited by the provisions of section 3253 of the Code, and not by the provisions of subdivision 2 of that section, indicating to me that the intention of the Legislature was that all the provisions of section 3253 of the Code of Civil Procedure, and all other provisions of the Code relating thereto, and in any wise limiting the power of the court thereunder, should apply to these proceedings.

Section 3254 of the Code is a modification and limitation of section

3253, and it is to be assumed that the Legislature enacted the water supply act with full knowledge of the existence of these two sections, and of their relation to each other, and that no allowance of 5 per cent. could be made under section 3253, without being limited in the aggregate, by section 3254, to the sum of $2,000; and it is my opinion that by section 32 of the water supply act the Legislature intended to give the court power to make an award of 5 per cent. under section 3253 of the Code, subject, however, to the limitations that are expressly provided by section 3254 upon all allowances made under section 3253. Otherwise, it would have been entirely unnecessary for the Legislature to have made any reference to the Code of Civil Procedure, or any section of it, in the water supply act. It would have been sufficient to have provided in section 32 for a 5 per cent. allowance without a maximum, and I think that the reference in the act to section 3253 of the Code, clearly shows that the intention was to limit an allowance not only to 5 per cent., but in the aggregate to $2,000, and it is my opinion that any allowance authorized to be made under section 3253 is subject to the limitation prescribed by section 3254; in other words, that any allowance that is either authorized or regulated by section 3253 is subject to the provisions of section 3254.

I therefore fix the allowances in these cases at the sum of $2,000 each, for lack of power to grant more, because I realize that in the one case at least, parcel No. 95, the award is not sufficient to reasonably compensate counsel, and I believe, as I have before stated, that provision should be made so that the property owners, whose lands are taken by the city, shall not be required to pay any part of their awards for the services of counsel, and that they should have their full awards free from all charges and costs.