FRANK E. BLANCHARD

*v.*

EASTERN PENNSYLVANIA POWER COMPANY.

[Decided May 15th, 1912.]

1. A preliminary injunction will not be granted, where the plaintiff's right, which the injunction is to protect, is doubtful.

2. At common law, and in the absence of lawful statutory restrictions, an owner may restrain the stringing of wires over lands within the highway, of which he owns the fee, though poles to sustain the wires are erected only on lands of adjoining owners; and a statute should not be construed as taking away this right, unless it does so clearly, rather than by liberal construction or implication.

On application for preliminary injunction. Heard on bill and affidavits, answer and answering affidavits.

*Mr. Benjamin W. Ellicott,* for the complainant.

*Mr. Elmer King, Messrs. Vreeland, King, Wilson & Lindabury,* solicitors, for the defendant.

EMERY, V. C.

Complainant in this case seeks a preliminary injunction to restrain an electric light company from suspending its wires over his lands located within the lines of a public highway. The poles from which the wires are thus suspended are not located on complainant's lands but on lands of adjoining owners, and by their consent. The township committee of Randolph township in which the lands are located, have, according to defendant's affidavits, passed a resolution giving the lighting company the right to erect poles and string electric wires therefrom on the public highway in question, but this permission is given for the purpose of aiding defendant in carrying out a contract for public electric lighting with the borough of Mendham. To reach

Mendham from defendant's power plant at Dover, the line must pass through Randolph township, but the permission of Randolph township not being for the purpose of public lighting within its limits, cannot avail the defendant as authority to stretch its wires over complainant's lands within the highway. Complainant's claim to a preliminary injunction is based on his constitutional right to prevent the taking of his lands against his consent without compensation. If, under our decisions, it is clearly settled that the suspension of wires over the owners' lands located in a highway is such "taking" of his property, then it is a right which should be protected by preliminary injunction. But if, under our decisions, the right is not clear, but has been fairly questioned, then a preliminary injunction cannot be granted. *Halsey* v. *Rapid Transit, &c., Co.* (*Vice-Chancellor Van Fleet, 1890*), *47 N. J. Eq.* (*2 Dick.*) *380.* By the act of April 21st, 1896 (*P. L. 1896 p. 322*), full power was granted to electric light companies (so far as township highways are concerned)

"to use the public highways for the purpose of erecting posts or poles on the same to sustain the necessary wires and fixtures, upon first obtaining the consent in writing of the owners of the soil."

My first impression as to the construction of this statute is that it requires the consent of the owners of the soil over which the wires are suspended as well as of the owners of the soil in which the poles are located. At common law and in the absence of lawful statutory restriction, the right of the owner to prevent the stringing of wires over his highway lands is settled, and a statute should not be construed as taking away this common law right unless it does so clearly rather than by liberal construction or implication. And if the words "owners of the soil" whose consent is to be obtained, are not clearly to be construed as limited to the owners of the soil on which the poles are located, then the protection of consent would seem to be given to the owners over whose soil the wires are suspended. This form of the statute, as will be observed, is not such as to confer the express authority merely to erect poles in the highways with the consent of the owners of the soil. The poles authorized to be erected are to sustain wires. I think it must be assumed for

present purposes that the legislature has the right to grant to a
lighting company the use of lands in a highway for the erection
of poles and the suspension of wires for the purpose of public
lighting without the consent of the owners of the soil on or
over which either poles or wires are located, and that it may
authorize this without compensation as for additional use or
servitude, and also that the consent of only one or both classes
of owners may be required, according to the legislative discre-
tion.   Whether both classes of consents are required is a ques-
tion purely of statutory construction of the legislative grant.
In the construction of analogous statutes, it has been held that
the consent of the owner of the lands over which the wires were
suspended was not required, but only that of the owners of the
soil on which the poles were erected.   *Roake* v. *American Tele-
phone Co.* (*Chancellor Runyon, 1886*), *41 N. J. Eq.* (*14 Stew.*)
*35,* so construed the Telegraph Company law of 1880 (*P. L.
1880 p. 201*), in reference to telegraph wires, and in a case in-
volving the construction of the statute now in question (*P. L.
1896 p. 322*), Vice-Chancellor Pitney, in *East Orange* v. *Subur-
ban 'Electric Light and Power Co.,* in an opinion reported in
*59 N. J. Eq.* (*14 Dick.*) *563, 567* (*1899*), held that it did not
require the consent of the owner of the soil over which only
wires were strung.

The opinion of the court of errors and appeals affirming the
decree for injunction, did not, it is true, reaffirm this construc-
tion, resting its decision upon another ground not involving
the point.   This may prevent the opinion of Vice-Chancellor
Pitney from being treated as finally settling the construction of
the statute in this court, and leave its construction an open
question at final hearing, but due weight must be given to the
learned vice-chancellor's considerate judgment.

In view of these decisions I conclude that although my first
impression of this statute is that the consent of the owners of
the soil over which the wires are suspended must also be ob-
tained, yet this right is not so clear as to entitle complainant to
a preliminary injunction, and must be determined either at
final hearing, or, if the complainant is so advised, by an action
of ejectment, in which, as some courts hold, the wires may be

removed by virtue of a writ of possession. *Butler* v. *Frontier Telephone Co., 186 N. Y. 486; 11 L. R. A. (N. S.) 920.*

The application for preliminary injunction is denied, costs to abide the event of the suit.