HENRY BOEHRINGER, Plaintiff, v. AMELIA MONTALTO and Others, Defendants.

Supreme Court, Westchester County, December 23, 1931.

*Sidney Einhorn* and *David H. Moses*, for the plaintiff.

*Holley & Oxenberg*, for the defendant Montalto.

WITSCHIEF, J.   Plaintiff sues to foreclose a purchase-money mortgage, and the mortgagor counterclaims for breach of covenant against incumbrances.

The plaintiff conveyed the property to the defendant by full covenant deed, subject to two mortgages, monthly tenants, and the zoning ordinances of the city of Yonkers.   Otherwise, the property conveyed was warranted free from incumbrances.

It now develops that the Bronx Valley sewer commission had procured by condemnation the right to construct and maintain the Bronx Valley sewer through the premises, and that the sewer has been constructed across the property at a depth of over 150 feet.   The judgment of condemnation provided no right of access from the surface of the property.

At a time when nobody foresaw the use to which the air above the land might be put, a maxim appears in the law to the effect that he who owns the soil owns everything above and below, from heaven to hell.   (*Butler* v. *Frontier Tel. Co.*, 186 N. Y. 486, 491.)

In the *Butler* case the Court of Appeals said (186 N. Y. at p. 491), as to the title of an owner of the soil: " The surface of the ground is a guide, but not the full measure, for within reasonable limitations land includes not only the surface but also the space above and the part beneath."

And again (at p. 491): " ' *Usque ad coelum* ' is the upper boundary, and while this may not be taken too literally, there is no limitation within the bounds of any structure yet erected by man."

And again (at p. 491): "According to fundamental principles and within the limitation mentioned space above land is real estate the same as the land itself."

And (at p. 493): " The smallness of the wire in question does not affect the controlling principle, for it was large enough to prevent the plaintiff from building to a reasonable height upon his lot."

In *Smith* v. *New England Aircraft Co.* (270 Mass. 511; 170 N. E. 385) the Supreme Judicial Court of Massachusetts stated that it would assume that private ownership extends to all reasonable heights above the underlying land; that the experience of mankind, although not necessarily a limitation upon rights, is the basis upon which air space must be regarded.

The Massachusetts court held in that case that the statutory regulation of 500 feet as the minimum altitude flight by aircraft was a permissible exercise of the police power, although the experience of mankind indicates many structures exceeding 500 feet in height.

It, therefore, appears that the old theory that the title of an

owner of real property extends indefinitely upward and downward is no longer an accepted principle of law in its entirety. Title above the surface of the ground is now limited to the extent to which the owner of the soil may reasonably make use thereof.

By analogy, the title of an owner of the soil will not be extended to a depth below ground beyond which the owner may not reasonably make use thereof.

It is concluded that the depth at which the Bronx Valley sewer exists is beyond the point to which the owner can conceivably make use of the property, and is, therefore, not an incumbrance. But if it is an incumbrance, and there is a breach of the covenant against incumbrances, yet the depth at which the sewer is constructed, with no right of access from the surface, would entitle the owner only to nominal damages.

Judgment is, therefore, directed in favor of the plaintiff as prayed for in the complaint.