In the Matter of the Application and Petition of GEORGE J. GILLESPIE and Others, Constituting the Board of Water Supply of the City of New York, Respondents, to Acquire Real Estate for and on Behalf of the City of New York, under Chapter 724 of the Laws of 1905, and the Acts Amendatory Thereof (Now Title K of the Administrative Code of the City of New York), in the County of Westchester, for the Purpose of Providing an Additional Supply of Pure and Wholesome Water for the Use of New York City. (Delaware Sections 1, 2 and 3, County of Westchester.) OLIVER B. CAPEN, Appellant.— Order confirming report of commissioners of appraisal in a condemnation proceeding, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [173 Misc. 591.]

In the Matter of the Application of GOULD REALTY Co., INC., CHARLES A. GOULD, 2ND, MARY JO GOULD and ELIZABETH B. UPJOHN, Appellants, for an Order to Restrain PAUL V. REUTERSHAN, as Deputy County Treasurer of the County of Suffolk, and LARREMORE V. V. SWEEZY, Respondents, from Taking Any Action in Connection with an Application to Set Aside Cancellation of Certain Tax Sales Affecting Property Located in the Town of Huntington, Suffolk County, New York.— Order denying appellants' application, under article 78, Civil Practice Act, for an order prohibiting the respondent deputy county treasurer of Suffolk county from proceeding upon the application of respondent Sweezy to revoke the cancellations of tax sales heretofore made of appellants' real property affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Johnston and Close, JJ., concur; Lazansky, P. J., and Adel, J., dissent and vote to reverse the order and to grant petitioners' application, with the following memorandum: The county board of supervisors compromised certain tax disputes relating to appellants' real property, which is situated in the town of Huntington. The appellants gave substantial considerations for the compromise. The board had power to make the settlement. (Suffolk County Tax Act [Laws of 1920, chap. 311], § 66, as added by Laws of 1929, chap. 152; Id. § 30, as amd. by Laws of 1931, chap. 187.) Its determination has not been overruled, and must be held to conclude respondent deputy county treasurer from proceeding under section 141 of the Tax Law. The answers of the respondents do not raise any triable issue upon the allegations of the petition, which are substantially established by matters of public record and the affidavit submitted on behalf of appellants.

In the Matter of the Application of HAMMEL STATION ESTATES, INC., Appellant, for a Declaratory Judgment against THE LONG ISLAND RAIL ROAD COMPANY, Separately and the Successor in Interest to THE NEW YORK AND ROCKAWAY BEACH RAILWAY COMPANY; WILLIAM G. FULLEN, Chairman, REUBEN L. HASKELL and M. MALDWIN FERTIG, Transit Commissioners, Constituting The Transit Commission of the State of New York; THE STATE OF NEW YORK and THE CITY OF NEW YORK, Respondents.— Action for a declaratory judgment. Orders granting respective motions of respondents The Long Island Rail Road Company, The Transit Commission of the State of New York, and The City of New York, to dismiss the complaint pursuant to rule 106, Rules of Civil Practice, affirmed, with ten dollars costs and disbursements to each respondent. Order granting motion of respondent State of New York to dismiss the complaint pursuant to rule 106, Rules of Civil Practice, and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.