HARD v. BLUE POINTS CO.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

1. NAVIGABLE WATERS ☞39—STREET TERMINATING AT HIGH WATER—RIGHT OF PASSAGE.

Between the end of a street, terminating at high water, and the navigable waters, the public, and especially one abutting on the street down to high-water line, has right of passage.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 21, 53, 82, 103, 112, 117, 127, 239–244; Dec. Dig. ☞39.]

2. NAVIGABLE WATERS ☞39—STREET TERMINATING AT HIGH WATER—RIGHT OF PASSAGE—OBSTRUCTION.

One's ownership of lands under water does not authorize it by erection of structures thereon to obstruct the right of passage of the public between the end of a street ending at high water, and the navigable waters.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 21, 53, 82, 103, 112, 117, 127, 239–244; Dec. Dig. ☞39.]

3. MUNICIPAL CORPORATIONS ☞671—PUBLIC NUISANCE—ACTION BY INDIVIDUAL—SPECIAL DAMAGE.

The requirement to show special injury and loss, to authorize maintenance by an individual of injunction against obstruction of right of passage of the public, does not call for such exact amounts as might be required in an action for damages.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1447–1450; Dec. Dig. ☞671.]

4. INJUNCTION ☞23—DEFENSES—LOSS TO DEFENDANT.

That defendant has invested large capital in its obstruction of right of passage of the public, and so will sustain loss in withdrawal of its encroachments, is no ground for withholding injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 22; Dec. Dig. ☞23.]

Appeal from Special Term, Suffolk County.

Action by Florence Bourne Hard against the Blue Points Company. From a judgment awarding a mandatory injunction, commanding that defendant remove its oyster plant from the foot of a highway, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Asa A. Spear, of New York City, for appellant.
Joseph Wood, of New York City, for respondent.

PUTNAM, J. [1, 2] Defendant's ownership of lands under water in Great South Bay did not enable it to obstruct the foot or southern extremity of West street, in West Sayville, L. I. From this street the public (and specially the plaintiff, as an abutter on the street down to the high-water line) had a right to pass out to the navigable waters of the bay, and back from the bay landwards to the street, which right of ingress and egress extended over the place where the land highway meets the navigable waters. Matter of City of New York [Main St.] 216 N. Y. 67, 110 N. E. 176. Though defendant's struc-

tures stood on piling upon lands under water, they appropriate common property, as they tend to stop this free continuous passage, and are therefore actionable.

[3, 4] Plaintiff, as a riparian owner, and also having title to the middle line of West street, along which her lands extend to high water, has shown such special damage, in the nature of substantial and peculiar injury different from that of the general public, as entitles her to an injunction. Joyce on Injunctions, § 1082a. The requirement to show special injury and loss does not call for such exact amounts as she might have to prove in an action to recover damages. Wakeman v. Wilbur, 147 N. Y. 657, 42 N. E. 341; Ackerman v. True, 175 N. Y. 353, 67 N. E. 629. The fact that defendant has large capital here invested, so that it will sustain loss by having to withdraw its encroachment, does not justify the trespass or warrant withholding an injunction. Whalen v. Union Bag and Paper Co., 208 N. Y. 1, 101 N. E. 805.

The judgment is therefore affirmed, with costs. All concur.