James E. Andrews, Appellant, *v.* George Cohen, Respondent.

Appeal — when Appellate Division reverses or modifies judgment of Trial Term on the facts, it must make findings necessary to support the judgment it orders — Court of Appeals may review without exceptions — estoppel — easements — when facts insufficient to show that owner of easement is estopped from maintaining action to restrain obstruction to easement — when right of way in city may be covered if easement is not injured.

1. Where the Appellate Division reverses or modifies a judgment of the Trial Term and orders a judgment proceeding on a different theory of the facts, it must make such additional findings as are necessary to support the judgment which it has ordered. No exception need be taken to these findings to entitle them to be reviewed in the Court of Appeals. If there is evidence to sustain them this court cannot interfere provided they justify the judgment which the Appellate Division directs.

2. An estoppel may arise either where the owner of an easement knowing that another, in the belief that he has the right to do so, is, at expense to himself, occupying the land over which the easement

passes by building thereon or otherwise and yet stands by without objection, or where he makes representations to another with the intention that the other may act thereon or which fairly justify the other in so acting, and the other takes action upon the faith of such representations. The findings by the Appellate Division neither separately nor together state facts from which such an estoppel arises.

3. In the absence of restriction in the grant the owner of the servient tenement in a city has the right to cover a right of way so long as sufficient headroom is preserved and so long as such action does not make the use of the right of way impracticable or unreasonably inconvenient.

*Andrews* v. *Cohen*, 163 App. Div. 580, modified.

(Argued May 16, 1917; decided June 12, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 4, 1914, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alton B. Parker* and *Henry T. Fay* for appellant. The plaintiff has a property right in the right of way of which he cannot be deprived in any other way than those clearly recognized by the law without an invasion of his constitutional rights. (*Wynkoop* v. *Burger*, 12 Johns. 222; *Lampman* v. *Milks*, 21 N. Y. 505; *Curtis* v. *Ayrault*, 47 N. Y. 75; *Hamilton* v. *White*, 4 Barb. 60; 5 N. Y. 9; *Doyle* v. *Lord*, 64 N. Y. 432; *Evangelical, etc., Home* v. *Buffalo, etc., Association*, 64 N. Y. 561; *Onthank* v. *Lake Shore & M. S. R. R. Co.*, 71 N. Y. 194; *Welsh* v. *Taylor*, 50 Hun, 137; 134 N. Y. 450; *Niagara Falls* v. *R. R. Co.*, 41 App. Div. 93; 168 N. Y. 610; *Vil. of Olean* v. *Steyner*, 135 N. Y. 341.) The right of way owned by the plaintiff cannot be changed or altered by the defendant as owner of the servient estate. (*Hines* v. *Hamburger*, 14 App. Div.

577; *Ruppert* v. *St. Marys*, 131 App. Div. 564; 198 N. Y. 576; *Smith* v. *Ball*, 143 App. Div. 83; *Stephens* v. *N.Y., O. & W. R. R. Co.*, 175 N. Y. 80; *Collins* v. *Buffalo Furnace Co.*, 73 App. Div. 22; *Tyler* v. *Porter*, 4 Hill, 140; *Matter of Deansville Cemetery*, 66 N. Y. 569; *Waterloo* v. *Shoreham*, 128 N. Y. 345.) The relief to which the plaintiff is entitled is clearly a mandatory order of injunction for the removal of the obstructions and against their continuance. (*Wheeler* v. *Gilsey*, 35 How. Pr. 139; *Evangelical Home* v. *B., etc., Assn.*, 64 N. Y. 561; *Ward* v. *Warren*, 82 N. Y. 265; *Nicholas* v. *Wentworth*, 100 N. Y. 455; *McMillan* v. *Tower*, 24 N. Y. Supp. 951; *Dexter* v. *Beard*, 25 N. Y. S. R. 664; *Barron* v. *Korn*, 127 N. Y. 324; *Hay* v. *Knauth*, 36 App. Div. 612; *Weed* v. *Donohue*, 26 App. Div. 360; *Valentine* v. *Schreiver*, 3 App. Div. 235.) The defendant, in this case, is not entitled to build over this right of way and the plaintiff is entitled to have all such structures also removed. (*Grafton* v. *Moir*, 130 N. Y. 465.) The plaintiff is not in any way precluded from obtaining the relief to which he is entitled. (Abbott's Brief on Pl. §§ 775–881; *Ackerman* v. *True*, 175 N. Y. 353.) To allow damages in lieu of a mandatory injunction would be a violation of the plaintiff's constitutional property rights. (*Knoth* v. *Manhattan Co.*, 187 N. Y. 243; *Bremer* v. *Manhattan Co.*, 191 N. Y. 334; *McClane* v. *Leaycroft*, 183 N. Y. 30; *Collins* v. *Buffalo Furnace Co.*, 73 App. Div. 22; *Blenis* v. *Utica*, 73 Misc. Rep. 61; *Kelly* v. *Penfield*, 133 App. Div. 367; *Ackerman* v. *True*, 56 App. Div. 54; 175 N. Y. 353; *Batchelor* v. *Hinkle*, 140 App. Div. 621.) The defendant is a trespasser having no standing in a court of equity. (*Lynch* v. *Union Inst.*, 159 Mass. 306.)

*Charles Morschauser* and *William L. Gellert* for respondent. The Appellate Division properly corrected

vital errors of fact and of law upon which the judgment of the Special Term was based. Under the facts as now established herein the defendant was in equity justified in deflecting the course of the old right of way. The defendant lawfully built over the right of way. (*Grafton* v. *Moir*, 130 N. Y. 465; *O'Beirne* v. *Gildersleeve*, 116 App. Div. 902; *Hollins* v. *Demorest*, 129 N. Y. 676; *Andrews* v. *Cohen*, 163 App. Div. 580; *Garrish* v. *Shattuck*, 132 Mass. 235; *Atkins* v. *Boardman*, 2 Metc. 457; *Bitello* v. *Lipson*, 16 L. R. A. [N. S.] 193; Jones on Easements, § 397; *Johnson* v. *Kinnicut*, 2 Cush. 153; *O'Brien* v. *Murphy*, 189 Mass. 353; *Lipsky* v. *Heller*, 199 Mass. 310.) The finding of estoppel by the Appellate Division is amply supported by evidence and is conclusive upon this court. The plaintiff has not sustained any damage whatever. The plaintiff " seeks equity," but is unwilling to " do equity." (*Hall* v. *O'Brien*, 218 N. Y. 50; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495; *Rothschild* v. *T. G. & T. Co.*, 204 N. Y. 458; *Trustees, etc.*, v. *Smith*, 118 N. Y. 634; *Horton* v. *Erie Preserving Co.*, 90 App. Div. 255; Pom. Eq. Juris. [3d ed.] §§ 816-821.) The Appellate Division properly modified the judgment appealed from and rendered judgment according to law upon the rights of the parties. As thus modified the judgment justly protects the defendant and awards to the plaintiff such relief as he equitably deserves. (*McCann* v. *Chasm Power Co.*, 211 N. Y. 301; *Batchelor* v. *Hinkle*, 210 N. Y. 243; *Crocker* v. *Manhattan Trust Co.*, 61 App. Div. 226; *Wormser* v. *Brown*, 149 N. Y. 163; *Gray* v. *Manhattan Ry. Co.*, 128 N. Y. 499; *McClure* v. *Leacraft*, 183 N. Y. 36; *Collins* v. *Buffalo Furnace Co.*, 73 App. Div. 22; *Green* v. *Richmond*, 155 Mass. 188; *Penrhyn Slate Co.* v. *Granville*, 181 N. Y. 80; *Knoth* v. *Manhattan Ry. Co.*, 187 N. Y. 243; *Hall* v. *O'Brien*, 218 N. Y. 50; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495; *Union Trust Co.* v. *Oliver*, 214 N. Y. 517; *Lamport* v. *Smedley*, 213 N. Y. 82.)

ANDREWS, J. The Special Term has made findings, unanimously affirmed by the Appellate Division, from which it appears that as appurtenant to his property the plaintiff has acquired by grant a certain right of way over the defendant's land; that the latter has substantially obstructed it by building and by placing posts thereon; that he has also covered a portion thereof. These acts prevent the plaintiff from using it, to his damage. He has been compelled to pass around the defendant's building over the latter's land, but he has never accepted this substituted right of way, nor has the defendant ever granted the same to him. Neither verbally nor in writing has the plaintiff ever consented to a surrender or abandonment of his right of way, nor is there any finding of acts on his part from which an abandonment may be inferred.

Thereupon the Special Term directed judgment for the plaintiff. This judgment enjoined the defendant from obstructing or interfering with the right of way in question, or from building thereon or thereover, and it directed him to remove the buildings, posts or other structures upon or over it.

This judgment (except as to covering the right of way, reference to which will be made later) is supported by the findings of fact. It must be sustained unless other facts exist which constitute a defense. If they do they are not found by the Special Term.

The Appellate Division, however, did make certain additional findings, and upon them modified the judgment of the Special Term by dissolving the injunction except in so far as it required the removal by the defendant of the two posts erected by him in the right of way.

Where the Appellate Division reverses or modifies a judgment of the Trial Term and orders a judgment proceeding on a different theory of the facts, it must make such additional findings as are necessary to support the judgment which it has ordered. No exception need be

taken to these findings.    They are to be reviewed by us. If there is evidence to sustain them we cannot interfere provided they justify the judgment which the Appellate Division directs.

We think that the findings so made by the Appellate Division are supported by certain evidence in the case.

The only question, therefore, is as to whether they constitute a defense to the claim of the plaintiff.

An easement once granted may be ended by (1) release; (2) merger; (3) abandonment.

There is no claim here either of an actual release or of one inferred from adverse user.    There is no pretense of merger.    The Appellate Division has affirmed the finding that "the plaintiff never consented, either verbally or in writing to an abandonment of his right of way or to the defendant's building thereon or thereover."    Nor does either court find as a fact that there was an abandonment.

Though an easement may not be ended, yet by acts of the owner of the dominant tenement or in certain cases by his silence where it becomes his duty to speak, he may be estopped from asserting it.    Although we do not attempt to lay down any exhaustive definition of equitable estoppel, such an estoppel may arise either where the owner of an easement knowing that another, in the belief that he has the right to do so is, at expense to himself, occupying the land over which the easement passes by building thereon or otherwise and yet stands by without objection; or where he makes representations to another with the intention that the other may act thereon or which fairly justify the other in so acting, and the other takes action upon the faith of such representations.

This apparently the Appellate Division had in mind with regard to the findings made by it.    The difficulty is that the findings so made are not sufficient to sustain the defense on either of these theories.

There are five of such findings.    The third and fifth are immaterial so far as this question is concerned.

The first is that as early as October, 1912, the plaintiff and the defendant had general conversations as to the defendant's plans and designs respecting the construction of an entrance from Main street to the auditorium; and in April, 1913, and frequently afterward the plaintiff and the defendant talked of covering over this passageway.

The second is that during the removal of certain buildings there were frequent interviews between the plaintiff and the defendant when the plaintiff made no objection to the proposed alterations.

The fourth is that when the defendant began the removal of the structures upon his land "the plaintiff gave the defendant to understand that he did not object to such changes."

These findings neither separately nor together state facts from which an estoppel arises. There is no statement that the defendant was induced to proceed by the representations or by the silence of the plaintiff. There is no finding of representations upon which the defendant did or had the right to rely. There is no finding of circumstances which made it the duty of the plaintiff to speak. The changes referred to in the fourth finding were the removal of certain structures upon the defendant's own land.

In this case the plaintiff acted promptly. The Appellate Division has approved the finding that this action was begun within a few days from the beginning of building operations upon the right of way. Here the defendant knew of the rights of the plaintiff. Under such circumstances we do not understand that the owner of property is under any duty to speak, or that he loses any rights by silence. A trespasser acts at his peril.

The Appellate Division evidently had in mind also another principle. Although the plaintiff may have a legal title to property a court of equity will at times refuse a mandatory injunction merely for the purpose of

protecting a technical right where the defendant has acted innocently, and when it will produce great public or private mischief. This rule, however, is to be applied with great caution and never where the property affected is substantial, and where the defendant has full knowledge of the facts. That the rights affected in this case were substantial clearly appears from the findings of the Special Term. That the plaintiff failed to prove the money value of the damages suffered by him to the time of the trial is immaterial.

We must, therefore, hold that the order of the Appellate Division reversing the judgment of the Special Term must be itself reversed except in one respect.

The third finding of the Appellate Division is, among other things, that the defendant has covered the old right of way for a distance of about sixty-three feet leaving a clearance or headroom of eleven and a half feet from the bottom of the girders. It also appears that the original right of way for a short distance was covered by a shed. And the fifth finding is that there is now more headroom for the plaintiff at the covered part thereof than there was at the covered part of the old right of way.

There is no finding made either by the Special Term or the Appellate Division that this action so darkens the right of way as to make its use impracticable or inconvenient. Nor is there anything in the grants under which the plaintiff claims which expressly or impliedly prevents the owner of the servient tenement from covering it over. We do not think that such implication can be drawn from the fact that such right of way was to be used for sleighs and that covering it might prevent the fall of snow thereon in winter. In the absence of such restriction the owner of the servient tenement in a city always has the right to cover a right of way so long as sufficient headroom is preserved and so long as such action does not make the use of the right of way impracticable or unreasonably inconvenient.

In our opinion, therefore, so much of the judgment of the Special Term as forbids the defendant from covering such right of way in a reasonable manner should be reversed and that of the Appellate Division affirmed. In all other respects the judgment of the Appellate Division should be reversed, without costs to either party in this court.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, POUND and CRANE, JJ., concur.

Judgment accordingly.