ROBERT J. EIDLITZ, Plaintiff, *v.* LYMAN C. FRENCH, JOHN C. JUHRING, FIVE BOROUGHS REALTY COMPANY, SARAH C. LYON, SARAH HYATT and THE LORENA COMPANY, Defendants.

(Supreme Court, Westchester Special Term, November, 1918.)

Easements — action to determine claim of right of way — highways — mortgage held to cover any change in right of way.

Where in an action to determine a claim of easement or right of way which had existed for many years in and over premises conveyed to plaintiff by one of the defendants and which, though little used and a part practically abandoned, gave access to a public highway, it appears that defendants permitted plaintiff to purchase the property and incur large expense in the improvement thereof, and to occupy the same

without objection for a period of six months after the completion of the improvement and without asserting any claim to said highway, a slight change therein having been acquiesced in by defendants, they will not be permitted to reoccupy the abandoned portion of the right of way especially in view of the fact that a street constructed by one of the defendants was more direct and a better roadway, said defendant having stipulated in open court to secure to the other defendants by grant or otherwise any necessary right of way over said street.

Where it appears that the defendant mortgagee, whose mortgage covers the old right of way, did not in any way consent to or acquiesce in the substitution of other means of access to the highway, her mortgage must be construed to cover any change in the right of way made by the consent of the parties, and having been made a party defendant and obliged to defend the action, the complaint as to her must be dismissed.

ACTION to determine claim to an easement or right of way.

Harold Swain, for plaintiff.

George C. Andrews, for defendants French and Odell.

Samuel D. Jones, for defendant John C. Juhring.

Taylor, Knowles & Hack, for defendant realty company.

Niles & Johnson, for defendant Lorena Company.

Wilson Brown, Jr., for defendant Sarah C. Lyon.

SEEGER, J. This action is brought by the plaintiff, the owner of a lot of land situate in the village of Dobbs Ferry, to determine the claim of the defendants to an easement or right of way in or over said premises. The premises in question were conveyed to the plaintiff by the defendant the Lorena Company by deed dated July 25, 1916, and recorded September 27,

1916, in the office of the register of Westchester county. The defendant the Lorena Company obtained title to a tract of land including the premises in question about the year 1895 from one Barber, and sold all but a small portion of the same for residential purposes. The premises in question were part of a farm of land owned by Anthony Storms in the year 1832, at which time there was a right of way or lane situate thereon known as the old South lane, and which gave access to a highway formerly known as the Highland turnpike or Post road, and now known as Broadway. Since the acquisition of this land by the defendant the Lorena Company the said lane was little used through the premises in question. The defendants French, Odell, Juhring and Five Boroughs Realty Company are each the owners of lots of land which have access to and have the right to the use of such lane or right of way. The defendant Sarah C. Lyon is the owner and holder of a mortgage executed by the defendant Lyman French and his wife Emily French to Maria Anderson, dated July 19, 1888, and recorded in Westchester county register's office on that day in liber 896 of mortgages, at page 185, to secure the sum of $2,800, covering a lot of land containing eleven acres more or less, being the lot now owned by the defendant French, and also the right of way in question, which mortgage was duly assigned to the defendant Lyon May 18, 1906, and her assignment is recorded in said register's office. About the year 1893, Laura Field, a former owner of the property, subsequently conveyed to the Lorena Company and closed the old lane from Dudley avenue, now Washington avenue, west to the Post road, and in its place substituted a fifty-foot avenue known as Belden avenue, and the several property owners seem to have acquiesced in said change, and a portion of the old lane so closed is totally obliterated. The plaintiff's premises

# 166

Supreme Court, November, 1918.     [Vol. 105.

are situate east of and adjoining said Washington avenue. A golf club secured the right to use a portion of this land east of Washington avenue and played over a portion of the old lane, about 300 feet in width, this portion beginning some 300 feet east of the easterly line of Washington avenue, and the club sodded over this portion of the old lane without objection from the defendants or their predecessor in title, so far as the evidence shows. If during the time the golf club used this land for the purpose of playing golf thereon, the defendants or their predecessors in title used this lane, the use was so little that it was not observed by persons who frequently played thereon, among them being the plaintiff and the greens keeper of the golf club.

In 1916 the Lorena Company prepared a sales map showing a street called thereon " Belden avenue " running along the southerly boundary line of lands sold to the golf club, which street ran easterly from Washington avenue to Hancock avenue, the westerly end thereof being a little north of Belden avenue as theretofore laid out on the field map, but so little that its southerly side is south of the northerly line of Belden avenue as there shown. This Belden avenue, so laid out by the Lorena Company, was nearly parallel to the old lane, its easterly end being directly opposite the opening of the old lane at the point where the same entered the property of the defendant the Lorena Company. Said Belden avenue was fifty feet wide and the Lorena Company removed the turf from a strip fifteen feet in width along the center thereof. At this time a portion of the old lane in the vicinity of this new Belden avenue was washed out to such an extent that it was practically impassable.

Immediately upon the acquisition of the land in question by the plaintiff, he began the improvement of the same and erected a fine residence thereon, graded

the land and built a driveway and entrance to the same, which, for a distance of 600 feet, followed nearly the lines of the old lane and turned to the south to approach the plaintiff's residence, and easterly thereof the plaintiff planted a hedge and improved his premises where the old lane had crossed, by planting shrubs thereon. After completing his residence, the plaintiff occupied the same for about six months before he learned of any claim on the part of any of the parties to the action to the easement or right of way, the same not having been used by any of the said parties during the construction of the residence or for about six months thereafter, and none of the defendants during that time made any protest or objection to the plaintiff's work. Some of the defendants then drove upon the plaintiff's premises, plowed up his hedge and shrubs and drove across the same, claiming that they were using the old lane.

It also appears from the evidence that a street known as "Hancock avenue," shown on the field map, had been opened and macadamized, affording to the defendants access from the old lane north to Sherman avenue and south to Ashford avenue, the main travelled way between Dobbs Ferry and Ardsley. The condition of the old lane west of Hancock avenue and the fact that it was so little used indicates either that the parties had little use for the right of way or that they used said Hancock avenue in preference to the old lane and had practically abandoned the old lane for a number of years, and so justified the conclusion that the portion of the old lane between Hancock avenue and Washington avenue was abandoned. Having permitted the plaintiff to buy his property and incur large expense in the improvement thereof and to occupy the same for a period of six months after the completion of the improvements without objection, and without assert-

ing any claim to said right of way the defendants should not now be permitted to re-occupy the right of way which they abandoned especially in view of the fact that Belden avenue as constructed by the Lorena Company is more direct, and is an equally good or better roadway.

The defendant the Lorena Company upon the trial stipulated in open court to secure to the defendants the right of way over Belden avenue by grant or otherwise, as might be necessary. While it is unquestionably the law that after a right of way has been once definitely located by agreement or by user, it cannot be changed by either party without the consent of the other, it appears here quite clearly that the defendants acquiesced in the slight change made in this right of way. To permit them now to reconsider and to demand the opening of the old route would impose great damage upon the plaintiff and no corresponding benefit to the defendants. No evidence whatever was submitted by defendants that they have sustained any damage by reason of the change, or that the value of their premises has been depreciated by reason thereof. It is difficult to see how they could sustain any damage or even inconvenience by such a slight change in a right of way so little used.

In *Andrews* v. *Cohen,* 221 N. Y. 148, the court held that " Though an easement may not be ended, yet by acts of the owner of the dominant tenement or in certain cases by his silence where it becomes his duty to speak, he may be estopped from asserting it. Although we do not attempt to lay down any exhaustive definition of equitable estoppel, such an estoppel may arise either where the owner of an easement knowing that another, in the belief that he has the right to do so is, at expense to himself, occupying the land over which the easement passes by building thereon or otherwise and yet stands by without objection;    *    *    *."

The point is raised by one of the defendants that the form of this action is purely statutory, having been brought by section 1638 of the Code to determine claims to real property, and that the judgment which may be entered in the action is therefore limited to that prescribed in sections 1644 and 1645 of the Code. As all parties to this action have invoked the equitable jurisdiction of the court, it has power to determine every question involved in accordance with equitable practices. *Crocker* v. *Manhattan Life Ins. Co.,* 61 App. Div. 237.

The defendant Lyon, the mortgagee, presents a different question. She does not appear to have in any way consented to or acquiesced in the substitution of the other means of access to Broadway. Not being in possession of the property and not being called upon to use the right of way she can in no wise be affected by the action of the other parties. Although without question her mortgage must be construed to cover any changes made by the consent of the parties in the route of this right of way, such as the changes made by Mrs. Field or the change in question here, nevertheless she was brought into this action as a party defendant, and was obliged to defend the action and establish her rights in the lane. Her mortgage as recorded covers the old lane and does not cover any changes therein. As to her, the complaint must be dismissed.

As to the other defendants, judgment should be granted in favor of the plaintiff upon condition that the defendant the Lorena Company execute to the defendants a right of way over Belden avenue as laid out, with taxable costs and an additional allowance of $100 to the defendant Lyon against the plaintiff. So ordered.

Ordered accordingly.