St. Vincent's Orphan Asylum, Respondent, *v.* Madison-Warren Corporation, Appellant.

Fourth Department, March 13, 1929.

*S. F. Hancock* and *B. E. Shove,* for the appellant.

*George R. Fearon* [*Henry E. Wilson* of counsel], for the respondent.

Per Curiam. The case is before this court upon a bill of exceptions to certain conclusions of law. The findings of fact are satisfactory to both parties. The appeal book contains no testimony. The judgment grants plaintiff a mandatory injunction compelling defendant to remove certain buildings from a right of way owned by the plaintiff. The main question here is whether plaintiff is estopped. On that subject the gist of the findings is that defendant's predecessors negotiated with plaintiff for the purchase of plaintiff's easement in an alleyway; that they believed plaintiff's representations and relied on them in acquiring real estate and building the encroaching buildings, and were led to believe by representations and conduct of plaintiff that it would sell its rights in the alley to defendant. There is no finding as to what the " conduct " or " representations " of plaintiff were, no finding as to anything that was specifically said or done. no

finding that plaintiff intended to lead defendant into any belief, or that there was any conduct such as to fairly justify the defendant in forming and having the claimed belief. And there is a finding that "no consent or permission was given by the plaintiff to the defendant to cover the said alley with its said building."

The law will not say that an owner of real property interests has been estopped by his conduct or his silence from asserting his ownership and enjoying the fruits of it except upon convincing proof. And the fact that the damage to such an owner from acts of encroachment by another is slight will not bar the owner from an injunctive remedy. (*Whalen* v. *Union Bag & Paper Co.*, 208 N. Y. 1, 5.) Mere persuasion to a belief will not suffice. There must be enough to lead a reasonable, fair-minded person into the belief — something resulting either from conduct or representations intended to create the belief or from silence under circumstances such that inducement to belief is reasonable. The burden resting upon defendant to show facts from which the court can find that plaintiff, through estoppel, has lost its right of ownership and possession of an easement in the alleyway has not been sustained. (*Andrews* v. *Cohen*, 221 N. Y. 148, 153.)

The judgment appealed from should be affirmed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment affirmed, with costs.