Vincent A. Lupiano, J.
The issue in this action and on this application for a temporary injunction involves the real power of the State and of this court to act against pollution and in the protection of the environment. Plaintiff, the State of New York, here seeks an order enjoining the defendant, Port of New York Authority, from discharging or permitting to be discharged from the premises of John F. Kennedy International Airport,, which is operated by defendant, fuel or oil into the waters of Jamaica Bay.
That the People of this State have a real interest in preventing pollution of our State’s property, be it air, water or land, *564 cannot be questioned. This in fact, is expressly recognized as the public policy of this State by statute (see Public Health Law, § 1200). That the discharge of fuel or oil into natural waters, whether intentional or effected through permissive inaction, is inconsistent with maintaining the purity of the environment is as evident as the adage, cited by plaintiff’s attorney, that oil and water do not mix. To argue, as does defendant, that it is but one contributor to the pollution of an admittedly polluted body of water and thus should not be restrained or singled out for prosecution is,, in substance, to argue that the State is virtually powerless to act. There must be a beginning to this overly delayed campaign against pollution and to hold that action against any one polluter must await action against all would effectively handcuff the State. It is not, of course, the province of any wrongdoer to claim protection because he is but one of many, absent proof of unjust or arbitrary discrimination directed against him. Indeed, it would seem that the converse is true and that the People of the State would have cause to complain if the officers of the State, acting in their behalf, did not prosecute as many as possible. Nor may respondent obtain protection by asserting that the pollution of Jamaica Bay (the body of water concerned) has continued for many years. There is no prescriptive right to continue wrongdoing. (Town of Mt. Pleasant v. Van Tassell, 166 N. Y. S. 2d 458, 463; see, also, Public Health Law, § 1260.)
On the papers submitted it has been established, without contradiction, that on numerous occasions within a short period of time there were large discharges of fuel or oil into Jamaica Bay from the premises operated by defendant. Defendant cannot escape restriction by asserting that it is doing all it can to avoid further episodes for the issue here is not the willfulness of the acts concerned. Not punishment but rectification is sought by plaintiff.
Defendant’s argument that the public intent requires the continued operation of the airport and that the only way now known to it to prevent the discharges asserted would be to close the airport reveals not a legal or logical basis for denial of the relief sought but, rather, a gap in either the expertise in this field made known to defendant or the willingness of defendant to expand sums to solve this problem. It is particularly anomalous for defendant to so argue for it is a quasi-public body created by compact between two States to serve public purposes. Defendant’s argument that issuance of an injunction is unwarranted for it would disturb the status quo ante at best reveals an insensibility to the needs of our time and the exigencies of *565 the general ecological problems. Any request for a prohibitory preliminary injunction not made prior to the acts complained of involves such disturbance. It is the status quo before the wrongdoing commenced or was discovered that should be regained.
There is long established precedent in the law for action such as that plaintiff now requests. (See Whalen v. Union Bag & Paper Co., 208 N. Y. 1; Boomer v. Atlantic Cement Co., 26 N Y 2d 219.) This court realizes that issuance of an absolute prohibition against the discharge of fuel or oil into the bay would, in all probability, be impossible to enforce without closing down the airport. As defendant urges, accidents beyond its control may occur. Yet, it is difficult to accept the explanation that the virtually consistent discharges asserted and uncontested cannot be avoided.
At this posture, the court must give pause to the assertions made by the respondent in the affidavit of John Wiley, Director of Aviation of the Port of New York, wherein he states: “ 32. The Port Authority in its concern for the environment around Jamaica Bay has requested and funded a study to be made by the Environmental Studies Board of the National Academy of Sciences, a private society of distinguished scholars in scientific and engineering research, which acts as an official advisor, upon request and without fee, to the Federal government on questions involving the sciences or technology, on whether through lawfully employing the resources involved in an extension of this airport, a program could be developed that could result in a complete redevelopment of the entire Jamaica Bay to achieve distinct environmental benefits for mankind and wildlife and sustain the region’s economy. The Port Authority fully intends to follow carefully the recommendation of this esteemed scientific group. ’ ’ Though so nobly stated, no time is given, however, for the culmination of these recommendations.
In view of this co-operative purpose, no injunctive relief will presently be granted and the motion is held in abeyance pending a hearing which shall be held before this court at a time and place to be arranged between the parties, their counsel, and the court, at which the specifics of any prohibitions may be based upon the practicalities of the situation. The parties are directed to submit a list of mutually agreeable times and dates to the court within 10 days after publication hereof, said dates to be no later than 30 days after publication hereof.