■ In the Matter of CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property for Bruckner Expressway from Bronx River to Havemeyer Avenue in the Borough of The Bronx. CHELSEA MANAGEMENT CORP., Respondent-Appellant.— Second separate and partial final decree, Supreme Court, Bronx County, entered on January 29, 1969, affirmed, without costs and without disbursements. The cross appeals are restricted to the award in the sum of $115,000 for fixtures and improvements found by the court to be permanent installations. The dissenters would remand to Trial Term for the purpose of taking further proofs and making an award *de novo* accompanied by proper findings. But the parties have had ample opportunity to offer proof in support of their respective claims. The claimant offered detailed proof of the value of its property taken by the city. On the other hand, the city deliberately chose not to offer any proof on the contested items, resting on its erroneous claim that these installations were not compensable. (See *City of Buffalo* v. *Clement Co.*, 28 N Y 2d 241 and cases therein cited.) The claimant contends that the award for the permanent installations should be increased from $115,000 to $149,000 to reflect the uncontradicted evidence of value. This "evidence" was given by its expert. It was, of course, the expert's *opinion* of value. The Court of Appeals has forcefully and clearly held that the "Supreme Court, in its fact-finding role, is not bound rigidly to follow literally opinions expressed for its guidance" (*Matter of City of New York* [*Coogan*], 20 N Y 2d 618, 625). And that an award may always be higher or lower than the experts' estimates of value. (*Matter of City of New York* [*A. & W. Realty Corp.*] 1 N Y 2d 428, 433; *Matter of City of New York* [*Coogan*], *supra*.) The record discloses that the experienced Trial Justice carefully considered all the evidence of value, including testimony of witnesses, exhibits, a personal inspection of the property and briefs and argument of counsel. The court made a tentative decree and fixed a date for hearing of objections. After the latter hearing the decree now under appeal was entered. Both parties have had their day in court. The record amply supports the award. The failure of the trial court to itemize the value of the numerous items, detailed in the dissenting opinion, is not an adequate basis to sustain a successful challenge to the decree. Under the circumstances, no further articulation of the trial court's rationale was necessary to permit

an informed review of the decision. As was stated in *Boyd* v. *Boyd* (252 N. Y. 422, 429) : "Face to face with living witnesses the original trier of the facts holds a position of advantage from which appellate judges are excluded.  *  *  * To the sophistication and sagacity of the trial judge the law confides the duty of appraisal.  *  *  * His was the opportunity, the responsibility and the power to decide." Here, not only was the trier of value face to face with the witnesses, he also personally viewed all the fixtures and installations, the value of which he fixed. "Detailed findings" could not place an appellate court in as advantageous a position as the trier of the facts, who has made what seems to us to be a fair award. Furthermore, more than six years have now elapsed since claimant's property was taken by the city. A complete trial was had. It would be most unfair to this claimant to subject it to further delay, very substantial expense, possible inability to reestablish value, in a *de novo* proceeding. Considering all factors, affirmance of the decree herein is consonant with the rules of law and the dictates of justice. Concur — Capozzoli, J. P., Nunez and Kupferman, JJ.; Steuer and Eager, JJ., dissent in the following memorandum by Eager, J.: The city and the claimant cross-appeal from the second separate and partial final decree which includes an award for land and for "permanent installations" involved in the taking of amusement park premises. The award for the "permanent installations", fixed at the lump sum of $115,000, apparently includes compensation for (1) the taking of a small office building, a snack bar and counters, an ice cream stand, a repair shed, a "dodge-em" pavilion, signs, fences, ramps, concrete bases and foundations for amusement rides and devices, electrical installations and piping on the premises (all conceded by the city to be compensable) ; and (2) the taking of the following items, claimed by the city not to be compensable: (a) the alleged taking of a roto whip, merry-go-round, giant swing, roller coaster, ferris wheel, helicopter, "dodge-em" scooters, fire engine and cars, carousel, and five other children's rides (total of 14 rides) ; (b) electrical modifications on rides, lighting fixtures, plug-in kitchen equipment and several space motors; (c) installations of rides and (d) utility connections, including the installations in public streets. The city, claiming that the rides and the utility installations in public streets were not compensable, offered no evidence as to the value thereof and appeals from that part of the decree which included the lump sum award embracing all or part of such items. The claimant, however, did produce expert testimony tending to establish a sound value of $114,127 for the rides and other items claimed by the city not to be compensable and, claiming that its proofs of value are uncontradicted, contends on its cross appeal that the total lump sum award should be substantially increased (from $115,000 to $149,175). The absence of detailed findings of fact in support of the lump sum award for "permanent installations" renders a proper determination of the appeal most difficult. Indeed, it is not possible to determine from the record as submitted what items, aside from the rides, were included in the lump sum award (and certain of the items do appear to be noncompensable) ; nor does the record indicate the amounts fixed as the value of the respective items or respective categories of items. Looking to general rules for guidance, we recognize that the Supreme Court (Trial Term and this court) "in its fact finding role, is not bound rigidly to follow [expert] opinions expressed for its guidance" (*Matter of City of New York [Coogan]*, 20 N Y 2d 618, 625). However, the court may not arbitrarily find values which are not supportable by the evidence in the record. (*Matter of City of New York [A. & W. Realty Corp.]*, 1 N Y 2d 428, 433.) Furthermore, in support of its conclusions as to value, Trial Term should make findings of fact sufficiently explicit to enable an appellate court (this court or the Court of Appeals) to review the award. (See CPLR 4213; *Andrews* v. *Cohen*, 221 N. Y. 148, 152;

*Matter of City of New York [Tespil Realty Corp.]*, 11 N Y 2d 993; *Matter of City of New York [Bersir Realty Corp.]*, 22 A D 2d 782, affd. 16 N Y 2d 979; *Matter of City of New York [DeNigris Realty]*, 20 A D 2d 42, 45, affd. 14 N Y 2d 935.) Particularly, detailed findings are essential to support an award embracing a claim for compensation for several kinds and categories of alleged fixtures so that an appellate court may know what is embraced by the award. The findings should detail the nature of annexation, use and cost or reproduction value of the several items and the depreciation factors utilized. Where the issues are properly presented, findings decisive of questions as to salvage value and the duty to minimize damages should also be included. Of course, where the record as to proofs, as submitted to the Appellate Division, is sufficiently complete for a proper determination of an appeal, the absence of findings by the trial court does not preclude the rendering of such determination. (See *Conklin* v. *State of New York*, 22 A D 2d 481, 482.) Generally, however, where a lump sum award is not supported by findings of the trial court, this court should make and delineate such findings as are necessary to support its determination; this being required to complete the record for a proper review of questions of law in the Court of Appeals. On the other hand, where the lump sum award is not properly supported by the findings of the trial court, this court may remand to that court for findings and, where the record is incomplete, include a direction that the parties may have an opportunity to submit further proofs. The majority does not support its determination in this case by any findings of fact. Furthermore, it appears that certain items included in the lump sum award are not compensable and that the proofs of value as to certain items are unacceptable. Therefore, I cannot concur in the affirmance. I would remand to trial term with direction that the parties may offer such further proofs as they deem desirable and advisable, with the making of an award *de novo* accompanied by proper findngs in support thereof. Such a remand is not only required as a matter of law but also in the interests of justice to afford an opportunity for the city to present such proofs as may be relevant to determine a proper award for the rides.