■    MICHAEL R. MANCINI, Appellant, v v EDWARD E. KAMINSKI et al., Respondents.—Judgment affirmed, with costs. Memorandum: Appellant is the owner of premises and resides at 1609 Neilson Street in Utica, New York, and respondents are his next door neighbors at 1611 Neilson Street. In May, 1976 respondents replaced a three-foot-tall chain link fence between the two properties by erecting a wooden fence approximately 50 feet in length and 6 feet tall in the same location as the removed fence. Alleging a partial encroachment thereby on his property ranging from 3 feet to .60 feet, appellant commenced an action to enjoin respondents from maintaining the new fence and to force removal of those parts that encroach upon his property. Appellant moved for summary judgment which was denied. Subsequently a settlement was arrived at when respondents agreed to move the fence a distance of two inches within their property line. In doing so they enlarged seven existing post holes and slid or moved the fence by sections on to their property. Appellant then served a supplemental complaint alleging that while the fence no longer encroached on his property respondents had filled the original seven post holes with concrete, bricks and stone, all to his damage and detriment. At the nonjury trial appellant testified that these seven holes were approximately eight feet apart with the material filling these holes being two to four inches beneath the surface. Appellant contends that because of this he has lost full use of his garden and cannot rototill his land properly; that he had to move his garden five to six feet away from the fence because it acts as a shield and deflects rain water back on his property, and that some day he may want to install his own fence and may be hampered in that regard. As to the rain water problem, appellant agreed that such water buildup occurred prior to the fence installation and such condition always existed because the entire street is on a grade, respondents' property being above appellant's on a higher level with a rolling bank. The only other testimony at the trial was that of the surveyor who, at appellant's request, had surveyed the land in connection with the original fence encroachment. On January 11, 1978 he returned to the premises for the purpose of locating the seven original post hole installations which were on appellant's land at distances of 60 hundredths of a foot to a maximum of 1.1 hundredths of a foot. The trial court pointed out that all filler material was subterranean and that in order to learn this it was necessary to dig below the ground surface. The trial court correctly granted respondents' motion to dismiss at the end of appellant's case (CPLR 4401). While we recognize, as did the trial court, that a mandatory injunction will sometimes lie where an underground encroachment exists (Baron v Korn, 127 NY 224; Andrews v Cohen, 163 App Div 580, mod 221 NY 148), the record fails to indicate that appellant sustained his burden of proof on the question of an actionable encroachment and that the proof presented was insignificant and inconsequential, in addition to which there was an insufficient showing of damages. All concur, except Dillon, P. J., who dissents and votes to reverse the judgment and grant a new trial, in the following memorandum.

Dillon, P. J. (dissenting). I dissent. The parties are adjoining lot owners in the City of Utica. The uncontradicted evidence demonstrates beyond doubt that all of the reconstructed piers or footings supporting the posts to which defendants' fence is connected encroach upon plaintiff's property. The tops of all footings are beneath the surface of the earth and each footing extends

into plaintiff's property, the range of which is from 0.60 feet for one to 1.11 feet for another. Plaintiff discovered the encroachments during the construction of the footings and made immediate objection to the defendants. Upon dismissing the action on the close of the plaintiff's case, the trial court found that the footings encroached upon plaintiff's land. The court concluded, however, that the encroachments did not give rise to a cause of action because they were "so insignificant and so inconsequential". The court then suggested that plaintiff might properly resort to "self-help". Implementation of that suggestion, in the circumstances of this case, probably will lead to further litigation, at the least, but predictably may result in far more disastrous consequences in light of the strained relationship between the parties. In my view, it is regrettable that the majority leave the plaintiff with no remedy other than "self-help". While I do not agree that the encroachments are slight, even assuming that they are modest does not warrant the usurpation of another's property, nor does it matter whether the encroachments are above or beneath the surface of the land (see *Butler v Frontier Tel. Co.,* 186 NY 486). Similarly, it is not of any import in this case that the damages to plaintiff are viewed as minimal (see *Van De Carr v Schloss,* 277 App Div 475; *St. Vincent's Orphan Asylum v Madison-Warren Corp.,* 225 App Div 379). It is true that where a substantial building encroaches upon the land of another and was constructed without any intent of encroachment, a mandatory injunction will not lie if the expense to the defendant in removing the encroachment would be grossly disproportionate to the benefit to be derived by the plaintiff *(Crocker v Manhattan Life Ins. Co.,* 61 App Div 226). It is equally true that in the same circumstances a defendant will be ordered to remove so much of the encroachment as was knowingly constructed upon plaintiff's land *(Crocker v Manhattan Life Ins. Co., supra;* see, also, *Children's Hosp. of Buffalo v Bell,* 262 App Div 1066, mot for lv to app den 287 NY 851; *Fanger v Fischer,* 224 App Div 667). The rule is best demonstrated by the language in *Duncan v Cuozzo* (219 App Div 719) where, upon the court's finding that the defendant "willfully and deliberately encroached upon plaintiff's property after notice" the mandatory injunction granted by the trial court was affirmed. It is only where a plaintiff is attempting to enforce a technical right against a defendant who has acted innocently and where enforcement of the right will produce great public or private mischief that a court of equity will at times refuse a mandatory injunction *(Andrews v Cohen,* 221 NY 148, 154-155). The injunction should never be denied, however, "where the property affected is substantial, and where the defendant has full knowledge of the facts" *(Andrews v Cohen, supra,* 155). Here the plaintiff made a prima facie showing that the encroachments were actually upon his property; that they were permanent in nature; and that they were intentionally constructed by the defendants with full knowledge that the construction encroached upon plaintiff's land (see *116 East 57th St. v Gould,* 273 App Div 1000). "That the plaintiff failed to prove the money value of the damages suffered by him to the time of the trial is immaterial" *(Andrews v Cohen, supra,* 155). The plaintiff is entitled to a new trial. (Appeal from judgment of Oneida Supreme Court—dismiss complaint.) Present—Dillon, P. J., Cardamone, Callahan, Doerr and Moule, JJ.