■ RENTAR DEVELOPMENT CORP., Respondent, v CITY OF NEW YORK, Appellant.—In an action for permanent injunctive relief and damages, in which the plaintiff moved for a preliminary injunction pending determination of the action, the defendant appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated June 16, 1988, which granted the plaintiff's motion to the extent of restraining the defendant from "engaging in further demolition or construction activities at the locations where plaintiff's tracks are or were, before defendant demolished them".

Ordered that the order is affirmed, with costs.

The law is well settled that in order to prevail on a motion for a preliminary injunction, the movant has the burden of demonstrating (1) a likelihood of ultimate success on the merits, (2) that irreparable injury will result without a preliminary injunction, and (3) that a balancing of the equities favors the movant's position *(Grant Co. v Srogi,* 52 NY2d 496, 517).

The defendant does not dispute that it has interfered with the plaintiff's established right-of-way but claims to have chosen its construction site based upon its belief that the plaintiff's railroad spurs had been abandoned. The plaintiff's alleged failure to use the railroad tracks, however, does not demonstrate a clear intent to abandon. Moreover, the owner of the dominant tenement is under no duty to make use of the easement as a condition to retaining its interest therein

*(Castle Assocs. v Schwartz*, 63 AD2d 481, 487; *Conabeer v New York Cent. & Hudson Riv. R. R. Co.*, 156 NY 474).

While the defendant contends that the encroachment will impose only a temporary loss of the use of the right-of-way, the plaintiff has adequately demonstrated that the encroachment will render a permanent and thus irreparable injury. Furthermore, it appears that the defendant might have avoided its costly error simply by inquiring of the plaintiff whether it intended to abandon the right-of-way. Although the defendant has expended a considerable sum of money on its initial construction, this does not tip the balance of the equities in favor of the defendant which knew or should have known that its actions would interfere with the plaintiff's property rights *(see, Whalen v Union Bag & Paper Co.*, 208 NY 1). Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.