(December 24, 1990)

ARISTA DONUT CORP., Appellant, v UNITED NEW YORK LANDS REALTY, INC., et al., Respondents.—In an action to permanently enjoin the defendants from competing with the plaintiff in violation of a restrictive covenant in a lease, the plaintiff appeals from an order and decision (one paper) of the Supreme Court, Kings County (Shaw, J.), entered June 1, 1990, which denied its motion for a preliminary injunction.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the defendants are preliminarily enjoined from conducting or maintaining store premises currently occupied by the Sing Yuen Restaurant, Inc., at 254 Broadway, Brooklyn, New York, as a Chinese restaurant or other eating establishment, upon condition that the plaintiff file in the office of the Clerk of the Supreme Court, Kings County, an undertaking with a corporate surety pursuant to CPLR 6312 (b), and serve a copy of the same upon the defendants, and the matter is remitted to the Supreme Court, Kings County, for the purpose of fixing the amount of the undertaking; and it is further,

Ordered that the preliminary injunction shall not take effect until the undertaking is served and filed.

The plaintiff, as tenant, operates a restaurant pursuant to a lease which provides that the landlord shall not rent any of the other stores, which are in the same block and lot as the store the plaintiff rents, to a party that "would maintain an

eating establishment in competition" therewith. The defendants purchased the property subject to the plaintiff tenant's rights, and notwithstanding the covenant, constructed a Chinese restaurant on the premises. Arguing that the Chinese restaurant is "in competition with" its restaurant, the plaintiff commenced this action and moved for a preliminary injunction. We find that the court improvidently exercised its discretion in denying this motion, as the plaintiff has established that it is entitled to a preliminary injunction *(see, Rentar Dev. Corp. v City of New York,* 160 AD2d 860; *see also, Aetna Ins. Co. v Capasso,* 75 NY2d 860). The matter is remitted to the Supreme Court for a determination in accordance with CPLR 6312 (b), as to the amount of the undertaking to be given by the plaintiff before the preliminary injunction may take effect. Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.